## TIPPINS v. PHILLIPS.

Neither specific performance nor damages for its breach will be decreed in an action on a written option to purchase land, where the land is so vaguely described that the writing furnishes no key to its identification.

Submitted May 25, — Decided June 16, 1905.

Equitable petition.    Before Judge Roberts.    Telfair superior court.    October 17, 1904.

J. U. Tippins brought suit against D. W. Phillips, alleging, that on June 22, 1904, Phillips sold to petitioner a certain tract of land lying in the 1403d G. M. district of Tattnall county, containing 424 acres, having boundaries as specified in the petition and being known as the "D. W. Phillips tract of land," which he had obtained from his father's estate; that Phillips also sold petitioner his share of the crops then growing on said tract.    It was further alleged that the contract of sale was in writing, as follows:

"State of Georgia, Telfair County.

Lumber City, Ga., June 22, 1904.

"For and in consideration of the sum of $5.00 to me in hand paid, and receipt of which is hereby acknowledged, I have granted to Mr. J. U. Tippins a 30-days option on 424 acres of land in Tattnall County.    The price of said land, if taken in the limit of this option, is to be $1,100.00, said price to also include my share of the crops now growing on the said land.    In witness whereof, the parties hereto have hereunto subscribed their names and affixed their seals the day and year first above written.

"In presence of:                          D. W. Phillips [L. S.]

R. C. Holaday,                          J. U. Tippins   [L. S.]"

C. E. Sikes.

Plaintiff alleged, that, within the time limit of the option, he tendered to the defendant $1,100 in cash, and that at the time of the tender the defendant refused to accept the same.    He further charged, that D. W. Phillips then admitted the execution and delivery of the option, but refused to comply with its conditions, merely offering to return the five dollars received as earnest money to bind the contract; that on August 6, 1904, the defendant verbally sold to petitioner two other tracts of land adjoining each other and the 424-acre tract, for ten dollars per acre; and as

evidence of such contract petitioner attached to his petition the following letter:

"Lumber City, Ga., July 21, 1904.

"Mr. J. U. Tippins, Altamaha, Ga.

"Dear Sir, — I would like you to make me an offer on Mrs. McLeod's little place; there are 160 acres in the tract. If you will pay her the worth of it, you certainly will have no trouble in securing a deed to my property. You may not have any trouble to get it any way; as I told you the other day while up here that I meant to do the clean thing, and expected to do it, but that I would make no deed until I made some investigation as to certain matters in your neighborhood. Now I will soon go down there, but can't say for certain that I will get off next week, but will say that it will not be later than ten or twelve days; but if can arrange with my people, will try to be there by the middle of next week. If you don't care, make me an offer in writing; you can think the matter over, and if you are in a notion for it, we will see what can be done when I go down. If you feel like it, you can answer this letter. Yours truly,     D. W. Phillips."

Petitioner alleged a continuous tender of $1,100 for the lot of land mentioned in the option, and of the price named for the adjoining tracts; and that the value of the 424-acre tract is $2,968. He prayed judgment for the difference between $1,100 and $2,968, unless defendant would make him a good and sufficient title to the 424 acres of land. The defendant demurred to the petition, on the grounds, that the alleged option was not sufficiently definite and certain in its terms and in its description of the land to authorize the court to require a specific performance by the defendant; that the alleged parol contract as to the tracts adjoining the 424-acre tract was void, because it was not in writing; and that the option contract was void for uncertainty and indefiniteness, and the allegations of the petition were insufficient to authorize a decree for specific performance, or damages for the breach of the contract. The court sustained the demurrer, and the plaintiff excepts.

*W. T. Burkhalter* and *James K. Hines,* for plaintiff.
*B. M. Frizzelle* and *E. D. Graham,* for defendant.

Evans, J. (After stating the facts.) In order to recover dam-

ages in lieu of specific performance, it is essential that a case for specific performance be made out. *Prater* v. *Sears*, 77 *Ga.* 28. Was the contract sufficiently certain as to the subject-matter to authorize a court of equity to decree specific performance? The statute of frauds requires all contracts for the sale of land or any interest therein to be in writing, signed by the party to be charged therewith or some person by him lawfully authorized. Civil Code, § 2613, par. 4. Every essential element of the sale must be expressed in the writing, to meet the statutory requirement. One of the essentials is that the land must be so described that it. is capable of identification. While it is not necessary that the land be described with such precision that its location and identity are apparent from the description alone, yet the description must be sufficiently clear to indicate with reasonable certainty the land intended to be conveyed. Parol evidence can not be invoked in aid of a vague and uncertain description, but is available, under the maxim *id certum est quod certum reddi potest,* to show the application of a description which itself furnishes a means of identification. If the land is so imperfectly and indefinitely described in the writing that no particular tract or lot is designated, parol evidence is not admissible to supply a description. *Douglass* v. *Bunn*, 110 *Ga.* 159. The land described in the writing is "424 acres in Tattnall county." Nothing could be more indefinite than this description; not the slightest key is furnished to locate the land. It is not even as specific as the description in *Gatins* v. *Angier*, 104 *Ga.* 386. There the land was described as "a certain piece of land described as follows: commencing about one hundred (100) feet from the land-lot line on Mayson & Turner's road and extending along said road four hundred and twenty (420) feet and running back a uniform width to the Sims land;" and this description was held to be so indefinite and vague as to render it impossible to identify any particular land. There is a distinction between a vague and an ambiguous description. In the latter case parol evidence is admissible to explain the ambiguity. It was on this principle that the court, in *Mohr* v. *Dillon*, 80 *Ga.* 572, allowed parol proof to show that the hundred acres referred to in the auctioneer's memorandum were bounded in a certain way. The question in that case was whether the memorandum as to who was the purchaser and who was the vendor, and as to the land

itself, was ambiguous on its face; and the court held that it was. As to insufficient description in deeds, see *Luttrell* v. *Whitehead*, 121 *Ga.* 699; *Crawford* v. *Verner*, 122 *Ga.* 814.

But it is insisted that the clause, "The price of said land, if taken in the limit of this option, is to be $1,100.00, said price to also include my share of the crops now growing on the said land," serves to point out a definite and certain tract of land in Tattnall county upon which D. W. Phillips had a share in a crop. For aught that the writing discloses, there may be other lots of land in which Phillips had an interest in the crops. After all, it would be first necessary to locate the land to find the crops, and the writing does not identify the land. The salutary rule that contracts for the sale of land must be in writing would be practically abrogated if courts were to allow the parties to supply by parol a description to the land, when the writing contains no descriptive words indicating any particular land. Neither does the letter attached to the petition supply the deficiency in the description in the option. The letter was written about a month after the execution of the option, and makes no reference to the option. The connection of the two writings can not be shown by parol evidence. *North* v. *Mendel*, 73 *Ga.* 400. There is no prayer in the petition either for specific performance of the parol contract in reference to the two tracts adjoining the tract of 424 acres, or for damages resulting from the breach of the contract; hence it is unnecessary to decide whether the letter attached to the petition was sufficiently certain to prove the subsequent sale by parol of these two tracts. The written agreement on which the suit is based is void for lack of sufficient description of the land, and there was no error in sustaining the demurrer which pointed out this vital defect in the petition.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*