LAURENS COUNTY BOARD OF EDUCATION· et al. v. STANLEY et al.

No. 12479. NOVEMBER 25, 1938. REHEARING DENIED DECEMBER 8, 1938.

Nelson & Nelson, for plaintiffs in error.

Rollin A. Stanley, Palmer W. Hicks, and ·C. C. Crockett, contra.

DUCKWORTH, Justice. Stanley and others as trustees brought suit against the Board of Education of Laurens County and others, seeking to enjoin them from removing a schoolhouse from the premises on which it was located, and from cutting timber therefrom. The petitioners claimed title under a deed, the material portions of the description contained therein being as follows: "ten acres of land which is hereafter to be surveyed, leaving said schoolhouse in the center, . . being parts of two lots of land #93 and #94 adjoining land of John W. Smith and others." It was alleged that "the property now consists of ten acres of valuable land with a school building thereon, and having a large and valuable growth of original virgin pine trees thereon." The defendants filed demurrers on the grounds that no cause of action was set forth and no title was shown in the petitioners, and that the deed relied on as title was void for vagueness and indefiniteness of description of the property attempted to be conveyed thereby. On interlocutory hearing the demurrers were overruled, and an injunction granted. The defendants excepted.

Where the description in a deed is indefinite, and contains no descriptive terms by the use of which the lands intended to be conveyed can be definitely located and identified, such deed is ·fatally defective and void. King v. Sears, 91 Ga. 577 (18 S. E. 830); McSwain v. Ricketson, 129 Ga. 176 (58 S. E. 655); Chatlahoochee

*Fertilizer Co.* v. *Quinn,* 169 *Ga.* 801 (151 S. E. 496) ; *Allen* v. *Smith,* 169 *Ga.* 295 (150 S. E. 584), citing *Luttrell* v. *Whitehead,* 121·*Ga.* 699 (49 S. E. 691). A deed is not void for the want of description if it furnishes the key to the identification of the land intended to be conveyed. *Price* v. *Gross,* 148 *Ga.* 137 (96 S. E. 4) ; *Hollomon* v. *Board of Education,* 168 *Ga.* 359 (147 S. E. 882). We are of the opinion that the deed in the instant case furnishes no key for the identification of the land intended to be conveyed, within the meaning of that term as used in the rules last stated. Such terms refer to a state of facts or circumstances existing at the time the deed is executed, and not to what may be the future intention of the grantor as may be expressed by acts or circumstances not already in existence at the time of the execution of the deed. In so far as the identity of the land attempted to be conveyed is concerned, the key must lead to the establishment and the location of boundaries as of the time of the execution of the conveyance. A survey to be made in the future does not do so. It can not be said that a party intended to convey a certain tract of land when the deed shows on its face that the tract of land had not then any definite location or boundaries. Therefore, the deed under which the petitioners claim title to the land being absolutely void as a muniment of title, and no right or title from any other source being alleged, the petition fails to state a cause of action for the relief sought. The judge erred in overruling the demurrer.

In view of the above ruling the further action of the trial judge in hearing and passing upon the question of interlocutory injunction was nugatory, and it is not necessary to pass upon the other questions thus presented by the record.

*Judgment reversed. All the Justices concur except Bell, J., who dissents.*

### ON MOTION FOR REHEARING.

The decision in *Dominy* v. *Stanley,* 162 *Ga.* 211 (133 S. E. 245), does not require a different result in the present case. In that case the statutory school authorities were plaintiffs in error, and did not raise the question in this court as to whether the deed was void for indefiniteness of description, or otherwise attack the description contained in such deed. No decision having been invoked and none having been made in that case, the rulings therein are not authority in the present case as to such question. If the *judgment*

in that case should be considered as res judicata or estoppel as to the validity of the deed, that question, under the facts of the present case, could be raised only by pleading the judgment.