SMITH *et al.* *v.* WILKINSON *et al.; et vice versa.*

Nos. 17621, 17622. Argued October 8, 1951—Decided November 13, 1951.

490

*Fulcher & Fulcher* and *Harris, Chance & McCracken,* for plaintiffs in error.

*H. A. Woodward,* contra.

CANDLER, Justice.   John F. Wilkinson, Mrs. W. C. Wilkinson, W. C. Wilkinson Jr., L. C. Wilkinson, Agnes Wilkinson, and Harry M. Wilkinson, on October 30, 1950, executed and delivered to J. W. Smith the following instrument: "Georgia, Richmond County.   Received of J. W. Smith the sum of $200.00 dollars, and in consideration thereof I hereby agree and bind myself that, if the said J. W. Smith shall at any time within Ninety-two (92) from this date pay to me the sum of $14,800.00 dollars, then, upon the payment of said amount, I bind myself, my heirs and assigns, to execute to the said J. W. Smith, or his assigns, good and sufficient warranty titles in and to the following lands: Known as Wilkinson Pond consisting of 25 acres, more or less; with the exception of 3 acres, more or less, to be set aside as a home place containing the Wilkinson home.   This option to purchase shall expire if the money is not paid within 92 days from this date."   J. W. Smith, on January 31, 1951, assigned to Roy Scarborough and James T. Plunkett a one-third interest each in and to the aforesaid option.   On February 1, 1951, Agnes Wilkinson, one of the optionors, filed an equitable suit in the Superior Court of Richmond County against J. W. Smith, alleging in substance that any right which he may have had to exercise the option of October 30, 1950, had then expired by lapse of time; that it was void for want of description of any particular property; that it was a cloud upon her title; that the defendant had, in specified ways, repeatedly trespassed upon her property and was continuing to do so over her protest and in violation of her property rights; and that injury had resulted to her person and to her property from the defendant's alleged wrongful acts.   She prayed that the option be cancelled as a cloud on her title; that the defendant be enjoined from again coming to her home or upon her property; and that she have a money judgment against the defendant for the damages resulting from the injuries previously inflicted by him upon her person and to her property.   The defendant Smith demurred to

the petition generally upon the ground that it stated no cause of action for any of the relief sought; and specially to paragraphs 14 and 15 because the allegations thereof relating to person and property injury and consequent damage were mere conclusions of the pleader, unsupported by any proper allegations of fact. The court overruled the defendant's general demurrer, but sustained his two grounds of special demurrer and struck from the petition all allegations and prayers for the recovery of damages. The defendant excepted pendente lite to that part of the ruling on his demurrers which was adverse to him, and in the main bill of exceptions error is assigned thereon.

The remaining optionors intervened and were made parties plaintiff, but they did not ask for damages. Nathan F. Widener, alleging that he had title to the Wilkinson property as security for a loan in a stated amount, which loan would not mature until July 23, 1951, intervened and was made a party plaintiff. His petition for intervention alleges that a sale of the Wilkinson land would injure him as a creditor, and that no sale of the same should be consummated until his claim is satisfied. Roy Scarborough and James T. Plunkett, claiming a two-thirds interest in the option as assignees of J. W. Smith, also intervened and were made parties defendant.

Separate, but like, defensive pleadings were filed by the defendant Smith and by the intervenors Scarborough and Plunkett. By their answers they denied the substantial allegations of the petition as amended, and by way of cross-actions alleged: The Wilkinsons, as tenants in common, on October 30, 1950, agreed that they would at any time prior to February 1, 1951, convey to the defendant Smith, or his assigns, for a consideration of $15,000, of which amount $200 was paid at the time the option was signed, that real estate in Richmond County known as Wilkinson Pond—a tract of approximately 25 acres, except 3 acres, more or less, to be set aside as a home place containing the Wilkinson home. The parties by mutual mistake miscounted the number of days intervening between October 30, 1950, and February 1, 1951, and as a result of such mutual mistake recited in the option that it would expire in 92 days from its date if the same was not fully exercised during that period. After the option was obtained, the defendant Smith

had the optioned property surveyed by a competent civil engineer, and the plaintiffs, the Wilkinsons, pointed out the lines around the boundary as a whole and also around the tract to be reserved by the optionors as a home place, which the defendant's surveyor accepted as true and platted the same accordingly. They attached a copy of the surveyor's plat to their cross-actions. On January 31, 1951, the defendants (Smith, Scarborough, and Plunkett) made an actual unconditional tender of the balance of the purchase price to the optionors and requested them to comply with their contract of sale, which they declined to do. The agreed price for the optioned land is adequate and represents its fair, reasonable market value. Prior to the expiration of the option, the plaintiff Widener agreed with the defendants that he would accept full payment of his loan and cancel his lien. The prayers were that the option be reformed so as to show the agreed expiration date of February 1, 1951, and that the optionors be required to specifically perform it. The cross-actions were stricken on demurrers thereto, and the defendants excepted pendente lite and in their bill of exceptions assigned error on the ruling therein complained of.

Upon the call of the case for trial, Agnes Wilkinson and Nathan F. Widener objected to a trial and moved to strike the case from the trial calendar upon the ground that all issues made by the pleadings had been eliminated by prior rulings to which there were no direct exceptions, and that no question was therefore left for determination by trial. The motion was overruled and the movants excepted pendente lite, and in their cross-bill of exceptions assigned error upon the judgment complained of in their pendente lite exceptions. The trial resulted in a directed verdict for the plaintiffs, and the defendants excepted to a judgment overruling their motion for a new trial.

■ There is no merit in the contention that the court erred in overruling the general demurrer to the amended petition. It is always proper to overrule a general demurrer to a petition which states a cause of action for any of the substantial relief prayed for. *Wellborn* v. *Johnson*, 204 *Ga.* 389 (1) (50 S. E. 2d, 16). In this case the allegations of the amended petition were sufficient not only to show a trespass upon land, but a continuing one; and, that being true, the case comes within the rule that

equity will by injunction repress a continuing trespass. *Key* v. *Stringer*, 204 *Ga.* 869 (52 S. E. 2d, 305), and the cases there cited.

■ The similar, but separate, cross-actions were properly dismissed on general demurrer. A contract upon which specific performance is sought must be certain, definite, and clear, and so precise in its terms that neither party can reasonably misunderstand it. *Studer* v. *Seyer*, 69 *Ga.* 125. The Code, § 96-101, declares: "Three elements are essential to a contract of sale: 1. An identification of the thing sold. 2. An agreement as to the price to be paid. 3. Consent of the parties." The statute of frauds requires all contracts for the sale of land or any interest therein to be in writing, signed by the party to be charged therewith or some person by him lawfully authorized. Code, § 20-401, par. 4. For such a contract to meet the statutory requirements, every essential element of the sale must be expressed therein, and one of the essentials is that the land must be so described by the writing itself that it is capable of identification. While it is not necessary that the land be described with such precision that its location and identity are apparent from the description alone, yet the description must be sufficiently clear to indicate with reasonable certainty the land intended to be conveyed, and parol evidence can not be invoked in aid of a vague and uncertain description. *Tippins* v. *Phillips*, 123 *Ga.* 415 (51 S. E. 410). In the instant case it is alleged and argued that the contract relied upon fails to describe any particular realty with the required degree of certainty or furnish a key by which it may be sufficiently identified by the aid of extrinsic evidence. If that be true, the contract is void. *Laurens County Board of Education* v. *Stanley*, 187 *Ga.* 389 (200 S. E. 294). A contract for the sale of land to be valid, binding, and enforceable must describe the land to be sold with the same degree of certainty as that required of a deed conveying realty. *Harper* v. *Kellar*, 110 *Ga.* 420 (35 S. E. 667); *Blumberg* v. *Nathan*, 190 *Ga.* 64 (8 S. E. 2d, 374); *Haygood* v. *Duncan*, 204 *Ga.* 540 (50 S. E. 2d, 214). The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable (*Andrews* v.

*Murphy,* 12 *Ga.* 431; *Gainesville Midland R. Co.* v. *Tyner,* 204 *Ga.* 535, 50 S. E. 2d, 108); but when its descriptive averments are so indefinite and uncertain that no particular tract or quantity of land is described thereby or pointed out with certainty by the instrument itself, the description must be held defective and therefore insufficient to pass title. *Crawford* v. *Verner,* 122 *Ga.* 814 (50 S. E. 958); *Malone* v. *Klaer,* 203 *Ga.* 291 (46 S. E. 2d, 495). "A deed is sufficient to pass title, and will not be declared void for uncertainty of description, if the descriptive averments are certain, or if they afford a key by which the land can be definitely located by the aid of extrinsic evidence." *Deaton* v. *Swanson,* 196 *Ga.* 833 (28 S. E. 2d, 126). But when a key is relied upon for descriptive purposes, either in a deed or in a contract for the sale of land, it is well settled that the key to be used for that purpose must be found in the instrument itself, and not elsewhere. *Douglass* v. *Bunn,* 110 *Ga.* 159 (35 S. E. 339); *Tippins* v. *Phillips,* supra; *Sturdivant* v. *Walker,* 202 *Ga.* 585 (43 S. E. 2d, 527). The salutary rule that contracts for the sale of land must be in writing, and describe the property affected thereby with certainty, would be practically abrogated if the courts could allow the parties to supply by parol, as here undertaken, a description of the land, when the instrument relied upon neither describes it sufficiently nor furnishes a key by which its identity may be determined with certainty. The contract relied upon in the case at bar is captioned "Georgia, Richmond County," and embraces all of the land "Known as Wilkinson Pond consisting of 25 acres, more or less; with the exception of 3 acres, more or less, to be set aside as a home place containing the Wilkinson home." The caption and the words, "Wilkinson Pond consisting of 25 acres, more or less," are a key by which a definite tract of land in Richmond County, Georgia, may be located and identified with certainty by the aid of extrinsic evidence (*Bruce* v. *Strickland,* 201 *Ga.* 526, 40 S. E. 2d, 386; *Copeland* v. *Carpenter,* 206 *Ga.* 822, 59 S. E. 2d, 245); but that part of the Wilkinson Pond tract which the contract covers is unquestionably indefinite and uncertain in location and boundaries, because of the exception of the undescribed "3 acres, more or less, to be set aside as a home place containing the Wilkinson home." So far as the contract is concerned, the excepted 3 acres, more or less, may be

set aside in any shape just so it contains the Wilkinson home, and no provision is made by the contract as to when, how, or by whom the excepted acreage is to be set aside. Consequently, it can not be said by this court that the optionors agreed to convey to the optionee Smith or his assigns any particular tract of land; and that is true because the contract shows on its face that the part of the Wilkinson Pond tract purportedly covered by it did not upon its execution have any definite location or boundaries, but was dependent upon a subsequent determination of them by means other than those afforded by the contract itself, which is not permissible under the rule requiring contracts for the sale of land to be in writing. See, in this connection, *Laurens County Board of Education* v. *Stanley,* supra. Therefore, it follows from what has been said that the contract relied upon is void for want of necessary description of any particular land; and, that being true, it affords no sufficient basis for the extraordinary equitable relief of specific performance sought by the defendants. *Nettles* v. *Glover Realty Co.*, 141 *Ga.* 126 (80 S. E. 630). This being so, it is not necessary for us to pass upon any other question presented by the record.

*Judgment affirmed on main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*