## 34083. SCOTT et al. v. LESTER.

JORDAN, Justice.

This appeal is from a judgment denying specific performance of an option to purchase real property.

Herman H. Scott and John H. Stone brought a complaint against Geneva Thompson Lester, Executrix of the estate of Ruth J. Thompson, seeking specific performance of an option given them by Mrs. Thompson, or, in the alternative, for damages. After hearing evidence, the trial judge held that the description of the property in the contract was inadequate to support an action for specific performance or damages, and judgment was entered in favor of the executrix.

In March, 1969, the appellants entered into a contract with Mrs. Thompson, in which she agreed to sell them "all that tract of land being in Land Lot 75 of the 7th District of Gwinnett County, Georgia, running along Georgia Highway No. 316, with a sixty (60) foot right of way into Harrington Road; same being about twenty-six (26) acres (more or less to be determined by survey to be attached later at purchaser's expense); same being adjacent to seller's home place on the Duluth-Lawrenceville Highway (Harrington Road)."

The contract contained the following additional agreement: "Purchaser shall have first refusal to purchase seller's home place adjacent to the acreage set

out in this contract, in the event of seller's death, or if she elects to sell same at a later date. The purchase price for said land will be Fifteen Hundred Dollars ($1,500) per acre and the seller herein will give to the purchaser notice of her desire to sell and the purchaser shall have ninety (90) days after said notice to complete said purchase. If the purchaser herein does not buy said land at that time, which is to say at the end of ninety (90) days, then the seller may sell it to anyone whom she wishes."

Thereafter a survey was made, and agreed to by Mrs. Thompson, as to the location of the line between Mrs. Thompson's home place and the property to be conveyed, and in June, 1969, Mrs. Thompson conveyed 32.728 acres to the appellants pursuant to their contract. The closing statement, signed by Mrs. Thompson and the appellants, recited: "The first refusal option as appears in contract between the parties dated March, 1969 and recorded in Deed Book 318, page 548, Gwinnett County Records shall survive this closing."

Mrs. Thompson lived in the portion she retained of her property until her death. She owned no other property in the county.

The trial judge erred in refusing to grant specific performance to the appellants. The judge relied on *Plantation Land Co. v. Bradshaw,* 232 Ga. 435 (207 SE2d 49) (1974). If Mrs. Thompson had refused to convey the first tract of land and the appellants had sought to enforce the contract, the *Plantation Land Company* case would have been in point, since at that time the boundary line between the property she was retaining and that to be conveyed had not been determined. After this line was ascertained by survey, and Mrs. Thompson conveyed the portion agreed to by her and the appellants, no indefiniteness remained as to the boundaries of the property covered by the option. It was the remainder of the tract she had formerly owned in Gwinnett County. *Haygood v. Duncan,* 204 Ga. 540 (4) (50 SE2d 214) (1948).

The consideration of the purchase contract applied to both the sale in 1969 and the option effective at Mrs. Thompson's death. The option to purchase an additional portion of the tract was not merged in the deed to the first tract. *Moxley v. Adams,* 190 Ga. 164 (3) (8 SE2d 525)

(1940). Furthermore, the parties reaffirmed their intention that the option remain in effect by their agreement at the closing of the 1969 sale.

The option did not violate the rule against perpetuities. *Floyd v. Hoover,* 141 Ga. App. 588, 592 (234 SE2d 89) (1977). The executrix refused to perform the contract of Mrs. Thompson, and the appellants were not required to tender the purchase price prior to filing their complaint for specific performance. *Burnam v. Wilkerson,* 217 Ga. 657 (4) (124 SE2d 389) (1962).

There was evidence that the price contained in the option was adequate in accordance with the value of the property at the time of the contract. *Saine v. Clark,* 235 Ga. 279, 280 (2) (219 SE2d 407) (1975). The contract of the appellants with Mrs. Thompson embraced the entire property owned by her in Gwinnett County. Since the parties had executed a part of the contract, it would be inequitable for the remainder of the contract not to be performed.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 10, 1978 — DECIDED NOVEMBER 30, 1978—
REHEARING DENIED DECEMBER 19, 1978.

*Westmoreland, Hall, McGee, Warner & Oxford, Jack A. Wotton, Clifford Oxford,* for appellants.

*G. Hughel Harrison, John F. Doran, Jr.,* for appellee.