## 60139. McMICHAEL REALTY & INSURANCE AGENCY, INC. v. TYSINGER.
## 60140. KOTZ v. TYSINGER.

BANKE, Judge.

Kotz entered into a contract to purchase a "house and 10 acres of a 40-acre tract more or less that is now the property of H. C. Tysinger, Jr., on Martain Mill Road, Coweta County, Ga. The exact boundries [sic] to be determined by a survey." McMichael Realty and DeForrest Realty, the brokers and real estate agents who negotiated the contract, were also parties to the contract and entitled to a 10 percent commission thereunder. After the contract was executed by all parties, Kotz employed an attorney to examine the title to the property and had the 10-acre tract of land surveyed. However, when he tendered the purchase price, Tysinger refused to sell. These actions were instituted seeking real estate commissions and damages for breach of the contract. Tysinger's motions for judgment on the pleadings were granted in both cases, and appeals have been filed therefrom. The sole issue in both is whether the legal description of the property contained in the contract for sale was sufficient to enforce the prayers of the complaint. *Held:*

"A contract for the sale of land to be valid, binding, and enforceable must describe the land to be sold with the same degree of certainty as that required of a deed conveying realty. [Cits.]" *Smith v. Wilkinson,* 208 Ga. 489, 493 (2) (67 SE2d 698) (1951). "Neither specific performance nor damages for its breach will be decreed in an action on a written option to purchase land, where the land is so vaguely described that the writing furnishes no key to its identification." *Tippins v. Phillips,* 123 Ga. 415 (51 SE 410) (1905). A contract to sell part of a larger tract shown on the plat referred to must identify which part. *Delfosse v. Coleman,* 211 Ga. 888 (89 SE2d 518) (1955). See generally Pindar, Ga. Real Estate Law § 18-11 (1971 Ed.).

In *Laurens County Bd. of Ed. v. Stanley,* 187 Ga. 389 (200 SE 294) (1938), the Supreme Court held that a provision in a deed for a subsequent survey did not cure an indefinite description. The court concluded that this did not furnish a "key for the identification of the land intended to be conveyed, within the meaning of that term as used in the rules last stated. *Such terms refer to a state of facts or circumstances existing at the time the deed is executed, and not to what may be the future intention of the grantor as may be expressed by acts or circumstances not already in existence at the time of the execution of the deed.* In so far as the identity of the land attempted to be conveyed is concerned, the key must lead to the establishment

and the location of boundaries as of the time of the execution of the conveyance. *A survey to be made in the future does not do so. It can not be said that a party intended to convey a certain tract of land when the deed shows on its face that the tract of land had not then any definite location or boundaries.*" (Emphasis supplied.) Ibid. at p. 390.

*Laurens County* was followed in *Plantation Land Co. v. Bradshaw,* 232 Ga. 435, 436 (207 SE2d 49) (1974), where the contract of sale described the property to be sold, "excluding, however, the residential dwelling occupied by the seller together with a tract of property not exceeding 10 acres selected by seller." The contract also provided for a future survey to be made and agreed upon within 70 days of execution. The court held that since specific performance was sought and a decree of specific performance acts as a deed under Code Ann., § 81A-170, "the decree should contain a description as definite as that required to support a deed." Ibid. at p. 438.

Appellants argue, however, that they do not seek specific performance, merely damages for the trouble and expense to which the purchaser is out of pocket and the commission on the breached sales contract, and that the description need not therefore be as definite as would be required in a warranty deed. This reasoning is not entirely without support, but *"Morgan v. Hemphill,* 214 Ga. 555 (105 SE2d 580), quoted authority to the effect that '[i]t may well be doubted, however, whether there has been any practical recognition of any such distinction by the courts,' and in that case, which involved only an action at law for damages, the court held that the same test of definiteness would apply as applies in a case involving specific performance." *Burden v. Thomas,* 104 Ga. App. 300, 303-304 (121 SE2d 684) (1961). See also Pindar, Ga. Real Estate Law § 13-54, et seq.

While it appears, as pointed out by appellants, that the description of property to be released from a deed to secure debt is not bound by the same requirements of specificity (e.g., *Cochran v. Teasley,* 239 Ga. 289, 290 (1) (236 SE2d 635) (1977); *Jordan v. Flynt,* 240 Ga. 359, 363 (2) (240 SE2d 858) (1977)), we do not consider those cases controlling in light of the wealth of prior law interpreting sales contracts. Nor is *Scott v. Lester,* 242 Ga. 730 (251 SE2d 257) (1978) apposite here. There the appellants entered into a contract in which the seller agreed to convey 26 acres "(more or less to be determined by survey to be attached later at purchaser's expense)" adjacent to the seller's home place. The contract also contained an option to purchase the seller's home place at a future time. The survey was made and agreed to as to the location of the line between the seller's home place and the property to be conveyed, and the sale took place.

After the seller's death some 10 years later, appellants sought specific performance of the option to purchase the home place, or in the alternative, damages. The Supreme Court held that the trial judge erred in refusing to grant specific performance in reliance upon *Plantation Land Co. v. Bradshaw,* supra, concluding that after the boundary line between the property to be retained by the seller and that to be conveyed had been ascertained by survey, and the portion of land agreed to by the parties had been conveyed, no indefiniteness remained as to the boundaries of the property covered by the option. *Scott v. Lester,* 242 Ga. at 731, supra.

It is readily apparent in light of the previous decisions to the contrary that *Scott* turned upon the fact that two contracts were involved, and that the indefiniteness of the description in the first sales contract was cured, prior to execution of the option to purchase provision, by the survey and purchase of the adjoining property. Because one piece of the original tract had been surveyed and sold, the second piece was the entire remaining property of the original grantor. Thus, at the time the option was exercised, an independent key already in *existence* was available from the description. That is not the situation in the instant suit; therefore the trial judge correctly determined that *Plantation Land Co. v. Bradshaw,* 232 Ga. 435, supra, was controlling and granted judgment on the pleadings to the appellee.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED JUNE 6, 1980 — DECIDED
JULY 1, 1980.

*Parnell Odom,* for appellants.
*William E. Anderson,* for appellees.