## 69796. ROYAL et al. v. BLAND PROPERTIES, INC.

(333 SE2d 145)

McMURRAY, Presiding Judge.

This is an appeal from the trial court's grant of the defendant's motion for judgment notwithstanding the verdict.

The evidence at trial showed that C. Everett Royal, Jr. and W. Ronald Stone (plaintiffs) were interested in purchasing a tract of land located in Fulton County, Georgia near the intersection of Johnson Ferry Road and the Chattahoochee River for the development of a residential subdivision. Bland Properties, Inc. (defendant) was also interested in purchasing this property for development. Title to the property was in the estate of Underhill and was subject to a first mortgage held by C & S Bank and a second mortgage held by an individual named Pindar. The defendant purchased the C & S Bank mortgage in late 1978 or early 1979 and shortly thereafter the plaintiffs contacted the defendant to discuss an arrangement to avoid a "bidding war" for the purchase of the property. In March 1979 the parties entered into an oral agreement whereby the plaintiffs would have an option to purchase three lots in a proposed subdivision, which was to be developed on the property by the defendant. In consideration thereof, the plaintiffs supplied the defendant with information which would aid the defendant in acquiring the second mortgage from Pindar. The plaintiffs also agreed to refrain from contacting the estate of Underhill concerning acquisition of title to the property. On March 23, 1979, the oral agreement was memorialized in a "letter of intent" prepared and executed by the defendant's agent. (Upon an examination of the "letter of intent" and other extrinsic evidence produced at trial, it is impossible to identify the property that was subject to the plaintiffs' option.) The defendant successfully acquired the second mortgage held by Pindar and, after almost two years of negotiations and litigation with the estate of Underhill the defendant acquired title to the property on February 2, 1981. On June 3, 1981, the defendant sold the entire parcel for $340,000.

The plaintiffs filed suit on August 18, 1981, alleging breach of contract and fraud and misrepresentation. The case was tried before a jury on April 9, 1984. At the close of the evidence the defendant moved for a directed verdict, which was taken under advisement. The jury returned a verdict for the plaintiffs in the amount of $50,000 and the defendant moved for a judgment notwithstanding the verdict, which the trial court granted. The plaintiffs now appeal. *Held:*

1. The plaintiffs contend that the trial court erred in granting the defendant's motion for judgment notwithstanding the verdict because there was evidence of a breach of contract by the defendant. The plaintiffs argue that the defendant's breach arose out of the oral option contract which was memorialized in the "letter of intent." We

do not agree.

" 'Neither specific performance nor damages for its breach will be decreed in an action on a written option to purchase land, where the land is so vaguely described that the writing furnishes no key to its identification.' *Tippins v. Phillips*, 123 Ga. 415 (51 SE 410) (1905)." *McMichael Realty &c. Agency v. Tysinger*, 155 Ga. App. 131 (270 SE2d 88). "Contracts which adequately describe the land to be sold are enforceable, even though they rely on subsequent surveys to determine the exact acreage involved in the sale. However, in order to meet the legal requirement for a definite description in writing, the key relied upon must be sufficient to provide identification by reference to extrinsic evidence which exists at the time that the contract is entered into by the parties. *Laurens County Board of Education v. Stanley*, 187 Ga. 389, 390 (200 SE 294) (1938). If the provision relied upon as a key is dependent on future acts or on extrinsic evidence not in existence at the time the contract is executed, it is insufficient. See *Brown v. Mitchell*, 225 Ga. 115, 117 (166 SE2d 571) (1969)." *Plantation Land Co. v. Bradshaw*, 232 Ga. 435, 441 (207 SE2d 49).

In the case sub judice, there is no way to identify the property which the plaintiffs had an option to purchase. Determination of the subject matter of the contract relied entirely on future acts not in existence at the time the contract was entered into. Inasmuch as it is impossible to determine the subject matter of the agreement between the plaintiffs and defendant, we find that no binding contract existed upon which the plaintiffs can base an action for breach of contract. See *McMichael Realty &c. Agency v. Tysinger*, 155 Ga. App. 131, supra. See generally, Pindar, Ga. Real Estate Law, § 18-11 (1971 ed.). Compare *Scott v. Lester*, 242 Ga. 730 (251 SE2d 257).

2. Next, the plaintiffs argue that there was evidence of actual and constructive fraud that supported the jury's verdict. If a promise is unenforceable it cannot form a basis of a fraud claim. *Chambers v. C & S Nat. Bank*, 242 Ga. 498, 504 (2) (249 SE2d 214); *Berry v. Discount Lumber &c. Co.*, 235 Ga. 320, 321 (219 SE2d 434). Since we have already determined the defendant's promise to sell the plaintiffs three lots in the proposed subdivision is unenforceable, we must also conclude that such promise cannot form the basis of the plaintiffs' fraud claim.

3. The plaintiffs also contend that the jury's verdict was authorized based on a breach of a confidential relationship by the defendant as defined by OCGA § 23-2-58. This contention is without merit.

Although a confidential relationship may exist between businessmen in some situations, *Cochran v. Murrah*, 235 Ga. 304, 306 (219 SE2d 421), in the majority of business dealings no confidential relationship is created merely because the parties have trust and confidence in each other's integrity. *Lewis v. Alderman*, 117 Ga. App. 855

(1) (162 SE2d 440). See *United States v. Northeast Constr. Co.*, 298 FSupp. 1135, 1140-1141 (15) (S. D. Ga. 1969). In the case sub judice, the plaintiffs and the defendant were in business dealing at arms length and they were all chargeable with knowledge of the law relating to the legal requirements of the transaction which they entered into. See *Lewis v. Alderman*, 117 Ga. App. 855, supra. Therefore, the plaintiffs' failure to seek a means to protect themselves in bidding for the subject property is not chargeable to the defendant.

4. In the plaintiffs' last enumeration of error they contend that the jury's award of damages was supported by the evidence. In light of our rulings in Divisions 1, 2 and 3 of this opinion, this issue is moot. The trial court did not err in granting the defendant's motion for judgment notwithstanding the verdict.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 27, 1985.

*David E. Allman*, for appellants.
*Joel S. Wadsworth*, for appellee.