972 F.2d 1355
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FORMEX MANUFACTURING, INC., Plaintiff-Appellee,
v.
SULLIVAN FLOTATION SYSTEMS, INC., Defendant-Appellant.
 Nos. 91-1469, 91-1471.
 United States Court of Appeals, Federal Circuit.
 June 16, 1992.
 
 Before NIES, Chief Judge, PAULINE NEWMAN and PLAGER, Circuit Judges.
 DECISION
 PLAGER, Circuit Judge.
 
 
 1
 Sullivan appeals from the order of the United States District Court for the Northern District of Georgia which granted Formex's motion for summary judgment.[1] Formex had brought an action for breach of contract, while Sullivan counterclaimed for breach of contract and of a duty of confidentiality, fraud and patent infringement. We affirm-in part and reverse-in-part.
 
 DISCUSSION
 
 2
 The District Court granted summary judgment to Formex as to two of the counts in its complaint, and as to all of Sullivan's counterclaims. Sullivan appeals to this court regarding its counterclaims, which alleged breaches of contracts of noncompetition and of confidentiality, breach of a duty of confidentiality, fraud, and patent infringement.
 
 
 3
 Summary judgment is appropriate only when a court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). When reviewing a motion for summary judgment, the court is required to draw all reasonable inferences in favor of the nonmoving party. See, e.g., United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).
 
 
 4
 The trial court granted summary judgment, inter alia, that the patent was not infringed under the doctrine of equivalents. The court based this conclusion on its interpretation of certain terms in the claims and on the prosecution history, in particular the patentee's response to a rejection over the Svirklys reference. However, Svirklys discusses the shape of the corners of the device, rather than the curvature of the side walls. Thus the significance, and the intent to be attributed to the patentee's response, is far from a foregone conclusion. Genuine issues of material fact are involved.
 
 
 5
 The trial court correctly held that Sullivan's claims based on breach of contract are amenable to summary judgment, and we find no clear error in the court's rulings on these claims. The claims for breach of an implied duty of confidentiality and for fraud, however, do not require the existence of a 'contract' in order for there to arise a confidential relationship between the parties. These claims, too, involve material factual issues which are genuinely in dispute.
 
 CONCLUSION
 
 6
 Sullivan is entitled to his day in court on his claims not sounding in contract. Thus we affirm the grant of summary judgment to Formex on the two counterclaims for breach of contract. We reverse the grant of summary judgment for Formex on the counterclaims for breach of a duty of confidentiality, fraud, and patent infringement, and remand these issues to the trial court for further proceedings consistent with this opinion.
 
 COSTS
 
 7
 Each party is to bear its own costs.
 
 
 8
 NIES, Chief Judge, dissenting-in-part.
 
 
 9
 Because I conclude that the district court properly applied Georgia law in granting Formex's motion for summary judgment on Sullivan's counts for breach of implied duty of confidentiality and for fraud, I would affirm the district court's grant of summary judgment on those counts.
 
 I.
 BREACH OF IMPLIED DUTY OF CONFIDENTIALITY
 
 10
 Both parties acknowledge that a confidential relationship is required for Sullivan to recover for breach of an implied duty of confidentiality. The district court granted summary judgment, holding that there was not a confidential relationship between Sullivan and Formex because the parties were independent business entities negotiating at arm's length. The case law to which Sullivan points to support the existence of such a relationship involves instances where contracts existed between the parties or where the parties were in confidential relationships expressly outlined in the Georgia statutes.
 
 
 11
 Georgia case law recognizes that "in the majority of business dealings no confidential relationship is created merely because the parties have trust and confidence in each other's integrity." King v. Young, 150 S.E.2d 631, 633 (Ga.1966). See also, Citizens & Southern National Bank v. Arnold, 240 S.E.2d 3, 4 (Ga.1977); Royal v. Bland Properties, Inc., 333 S.E.2d 145, 147 (Ga.Ct.App.1985); Lewis v. Alderman, 162 S.E.2d 440, 441 (Ga.Ct.App.1968). Here, Formex and Sullivan were two separate business entities negotiating with one another for the production of a final product and Sullivan has pointed to no evidence which would indicate otherwise. See Doll v. Grand Union Co., 925 F.2d 1363, 1374 (11th Cir.1991); Kienel v. Lanier, 378 S.E.2d 359, 361 (Ga.Ct.App.1989) (parties were engaged in transaction with each other and, thus, they had no duty to represent or advance the other's interest.) I, therefore, would hold that the district court properly granted summary judgment based upon the lack of a confidential relationship between Sullivan and Formex. There is nothing in the record which raises an issue of fact on this count and under Georgia law Formex is entitled to prevail on the established facts.
 
 II.
 FRAUD
 
 12
 The circumstances constituting fraud must be pleaded with particularity. Fed.R.Civ.P. 9(b). See also Ga.Code Ann. § 9-11-9(b) (Michie 1991). Under Sullivan's fraud count, the Amended Complaint asserts that Formex "represented" it would "neither disclose, use, or reveal [Sullivan's] trade secrets or confidential ideas and information, nor enter into competition with [Sullivan] in the manufacture, distribution, or marketing of marine flotation devices." These are the only "misrepresentations" alleged in Sullivan's fraud pleading, and, can only be construed as promises respecting future conduct.
 
 
 13
 Georgia case law holds that even with respect to an enforceable promise, while a contract claim may lie for breach, no action for fraud can be based on breach of a promise as to future events, Kole v. Linkenholder, 395 S.E.2d 378, 379 (Ga.Ct.App.1990), unless when the promise was made there was no intent to perform. Eason v. Farmer, 409 S.E.2d 509, 511 (Ga.1991); Watkins v. Watkins, 344 S.E.2d 220, 221 (Ga.1986); Middlebrooks v. Lonas, 272 S.E.2d 687, 689 (Ga.1980). Moreover, a cause of action for fraud does not exist if the underlying promise is unenforceable (even if the promise is made with the intent of not performing) because it provides no basis for reasonable reliance. American Viking Contractors, Inc. v. Scribner Equipment Co., Inc., 745 F.2d 1365, 1372 (11th Cir.1984) (applying Georgia law). See also Richard A. Naso & Assoc., Inc. v. Diffusion, 390 S.E.2d 106, 108 (Ga.Ct.App.1990); Alston v. Brown Transport Corp., 356 S.E.2d 517, 519 (Ga.Ct.App.1987); Royal, 333 S.E.2d at 147.
 
 
 14
 Under either theory, Sullivan's fraud count fails. Because Formex's alleged promises relate to future events, to prevail on the fraud count, Sullivan would have to prove that Formex made the promises with the intent of not performing at the time the promise was made. See Davidson Mineral Properties, Inc. v. Baird, 390 S.E.2d 33, 37 (Ga.1990). However, Sullivan did not proffer any evidence respecting Formex's intent at that time. Therefore, because Sullivan has failed to provide evidence to support an element essential to its case under Georgia case law, the district court's grant of summary judgment was proper. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Davidson Mineral Properties, 390 S.E.2d at 37 (trial court's grant of summary judgment against plaintiff's fraud count affirmed where plaintiff did not present any evidence of defendant's present intent not to perform promise which formed the basis of plaintiff's claim for fraud).
 
 
 15
 Alternatively, because the district court's grant of summary judgment holding the promises unenforceable has been affirmed, it follows that the district court was correct in holding that Formex's promises cannot, as a matter of Georgia law, form the bases for a claim of fraud.
 
 
 16
 On appeal, Sullivan argues that its fraud claim is based upon: (1) factual misrepresentations made by Formex, i.e., Formex's representation that it never had an interest in going into the pontoon business on its own; and (2) Formex's suppression of certain facts, i.e., its past activity relating to the pontoon business and its later developed interest in, and efforts towards entry into, the pontoon business. These grounds for fraud, however, were never specifically pleaded as required by the Federal Rules of Civil Procedure. Thus, they cannot form the basis of Sullivan's fraud action on appeal. Sullivan is correct that Georgia law provides a claim, under some circumstances, for fraud based on another's suppression of a material fact. Ga.Code Ann. § 23-2-53 (Michie 1991). However, the district court did not address this type of fraud claim which, as noted, is not alleged in the complaint. Despite Sullivan's arguments, Sullivan's new fraud claims are not before us on the merits. Whether they might be added to the complaint on remand is a matter for the district court to decide.
 
 
 17
 Sullivan having presented no challenge to the district court's judgment on Sullivan's count IV as pleaded, I would affirm the district court's grant of summary judgment on that count.
 
 
 
 [1]
 Civ. Nos. 1:89-cv-236-ODE, 1:89-cv-2613-ODE (Apr. 8, 1991)