A08A0646, A08A0647. MARSHALL et al. v. FLOYD; and
vice versa.
(664 SE2d 793)

BERNES, Judge.

Richard D. Floyd filed this action against David C. Marshall and John J. Marshall, individually, and as co-trustees of the testamentary trust of Lola Marshall and as co-executors of the estate of Dr. Joseph E. Marshall (collectively "the Marshalls"), alleging breach of contract and seeking specific performance of a lease/purchase contract that purportedly provided Floyd with a right to purchase property owned by the Marshalls. Floyd claimed that the contract provided an enforceable purchase option and that the Marshalls had breached the contract by refusing to sell the property when he gave notice of his intent to exercise the option. The Marshalls, however, claimed that the contract's purchase provision was unenforceable and provided no more than a right of first refusal that could not be exercised since the property had not been offered for sale. Both parties filed cross-motions for summary judgment, advocating their respective interpretations of the contract's purchase provision. The trial court denied both motions, finding that the purchase provision was ambiguous and required jury resolution.

We granted the Marshalls' application for interlocutory appeal to review the trial court's decision. In Case No. A08A0646, the Marshalls contend the trial court should have granted their motion for

---

summary judgment because the purchase provision was unenforceable as a result of its failure to sufficiently identify the property subject to its terms. We agree and reverse the trial court's denial of their motion for summary judgment.[1] In Case No. A08A0647, the cross-appeal, Floyd asserts several errors with respect to the trial court's construction of the purchase provision. Our holding in Case No. A08A0646, however, renders Floyd's allegations of error moot.

> Summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. On appeal from the grant or denial of summary judgment, we conduct a de novo review, construing the evidence and all reasonable inferences most favorably to the nonmoving party.

(Punctuation and footnotes omitted.) *Makowski v. Waldrop*, 262 Ga. App. 130 (584 SE2d 714) (2003).

The evidence in this case shows that on September 1, 1998, Dr. Joseph E. Marshall as landlord and Floyd as tenant executed a lease/purchase contract for certain office space located at 411 Stephenson Avenue in Savannah. Floyd leased the "premises" identified as "approximately half of [the] office space" in the commercial building, while Dr. Marshall continued to operate his clinic in another part of the building.

The contract also included a purchase provision, designated as a "Purchase Option," which provided as follows:

> Tenant [Floyd] has an exclusive, first right to purchase the property for the sum of $380,000 during the lease terms or when Landlord [Dr. Marshall] ceases to practice chiropractorie [sic]. Landlord will finance the purchase at 2% over federal prime rate, for thirty (30) year amortization and a ten (10) year call.

In July 2004, during the lease term, Floyd notified Dr. Marshall that he was invoking the purchase provision of the contract. Floyd claimed that the contract gave him a right to purchase the entire building and grounds. But, Dr. Marshall refused to sell.

Dr. Marshall died on July 20, 2005 and his sons, David and John Marshall, became the co-executors of his estate. Floyd continued to lease the office space and reiterated his invocation of the contract's

---

[1] The Marshalls assert several other claims of error which we need not review in light of our holding.

purchase provision to the Marshalls. The Marshalls refused to sell the property. Floyd then filed the instant action seeking specific performance of the purchase provision, damages for breach of contract, and attorney fees.

### Case No. A08A0646

1. The Marshalls contend that the purchase provision was unenforceable and that the trial court erred in denying their motion for summary judgment. We agree.

The trial court held that the purchase provision was ambiguous to the extent that the terms "an exclusive, first right to purchase" could be interpreted as conferring either a right of first refusal or a purchase option. A right of first refusal is defined as a "right to have the first opportunity to purchase real estate when such becomes available, or the right to meet any other offer." (Citation and punctuation omitted.) *Tachdjian v. Phillips*, 256 Ga. App. 166, 169 (568 SE2d 64) (2002). An option, on the other hand, is "a contract by which the owner of property agrees with another that the latter shall have the right to buy the owner's property at a fixed price, within a certain time, and on agreed terms and conditions." (Citation and punctuation omitted.) Id. The distinction between a right of first refusal and an option is significant since only the holder of an option has the power to compel an unwilling owner to sell the property even when the property is not being offered on the market; the holder of a right of first refusal does not have that power and instead merely has the right to buy the property when the owner decides to sell. See *Hasty v. Health Svc. Centers*, 258 Ga. 625, 626 (373 SE2d 356) (1988); *Booker v. Hall*, 248 Ga. App. 639, 642-643 (1) (a), (b) (548 SE2d 391) (2001). Because Floyd sought to compel the Marshalls to sell their property when they were unwilling to do so, he was required to establish that he was the holder of an enforceable option.[2]

"An option requires: (1) an agreement conferring a right to buy, (2) certain described property, (3) within a fixed period of time, and (4) at a stated price." (Citation omitted.) *Tachdjian*, 256 Ga. App. at 169. "A contract upon which specific performance is sought must be certain, definite, and clear, and so precise in its terms that neither party can reasonably misunderstand it." (Citation omitted.) *Smith v. Wilkinson*, 208 Ga. 489, 493 (2) (67 SE2d 698) (1951). If the property is not clearly identified, specific performance of a contract for the sale of land will not be granted. See *Plantation Land Co. v. Bradshaw*, 232 Ga. 435, 438 (II) (207 SE2d 49) (1974). Because a decree

---

[2] If the purchase provision in this case is deemed to be a right of first refusal, Floyd's claims nonetheless must fail since the property had not been offered for sale.

for specific performance operates as a deed, the contract pertaining to the sale of land must describe the property with the same degree of certainty as that required of a deed. Id. Thus, the contract must describe the particular tract or provide a key by which it may be located with the aid of extrinsic evidence. See *Scheinfeld v. Murray*, 267 Ga. 622, 623 (1) (481 SE2d 194) (1997); *Smith*, 208 Ga. at 493 (2); *McMichael Realty & Ins. Agency v. Tysinger*, 155 Ga. App. 131 (270 SE2d 88) (1980).

> The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable; but when its descriptive averments are so indefinite and uncertain that no particular tract or quantity of land is described thereby or pointed out with certainty by the instrument itself, the description must be held defective.

(Citations omitted.) *Smith*, 208 Ga. at 493-494 (2).

Here, the purchase provision provided in relevant part that Floyd had "an exclusive, first right to purchase *the property*." (Emphasis supplied.) But, the term "the property" was not defined in the purchase provision or in any other provision of the contract. The purchase provision failed to identify "the property" by description, street address, or any other means. In fact, the only property description contained in the contract referred to the covered leasehold, i.e., the "Premises," which were defined as "approximately half of [the] office space . . . located at 411 Stephenson Avenue, Savannah, Georgia." And although the contract referred to an attached "legal description for the Premises," it failed to reference any legal description for the unidentified "property" in the purchase provision. The failure to identify the property subject to the purchase provision is particularly troublesome in this case since Floyd had only leased a portion of the building's office space pursuant to the contract, but claimed a right to purchase the entire building and grounds.

Because the purchase provision failed to contain any description identifying with sufficient certainty the quantity of the property to which it applied, the purchase provision was unenforceable as a matter of law. See *Plantation Land Co.*, 232 Ga. at 439-441 (III)-(IV). Compare *Deich v. Reeves*, 203 Ga. 596, 599 (48 SE2d 373) (1948) (ruling that it was clear that "the option to purchase covered the precise property which was the subject-matter of the lease"). "Neither specific performance[,] nor damages for its breach[,] will be

decreed in an action on a written option to purchase land, where the land is so vaguely described that the writing furnishes no key to its identification." (Citation and punctuation omitted.) *McMichael Realty & Ins. Agency*, 155 Ga. App. at 131. Accordingly, the Marshalls were entitled to summary judgment as to Floyd's claims.

## Case No. A08A0647

2. In light of our holding in Division 1, we need not review Floyd's claims of error in the cross-appeal.

*Judgment reversed. Ruffin, P. J., and Andrews, J., concur.*

## DECIDED JULY 2, 2008.

*Hunter, Maclean, Exley & Dunn, Timothy R. Walmsley, Edgar M. Smith*, for appellants.

*Ronald C. Berry*, for appellee.