S11A1533. ROBINSON et al. v. GWINNETT COUNTY et al.
(722 SE2d 59)

HINES, Justice.
This is an appeal by the holders of a right of first refusal from an order of the Superior Court of Gwinnett County ruling adversely on their claims for compensation stemming from Gwinnett County's condemnation of a portion of the real property subject to the right of first refusal. Finding that the right of first refusal in this case is not compensable under the 1983 Georgia Constitution, Art. I, Sec. III,

Par. I,[1] we affirm the judgment of the superior court.

On June 18, 2002, TGJR Holdings, LLC, Lilburn Developers, Inc., Tim Robinson, Ty Robinson, April Queen, and Amanda Smith (collectively "Holders") purchased from Brenda Ruth Pruitt Griffin ("Griffin"), as executrix under the will of Ruth W. Pruitt, a 70-acre tract in Gwinnett County. As part of the consideration for the purchase, Griffin was to grant Holders a right of first refusal ("refusal right") to acquire an approximately 74-acre tract ("Property") located across the road. Consequently, also on June 18, 2002, Griffin and Holders entered into a "Right of First Refusal Agreement" ("Agreement").[2] The Agreement provided, inter alia, that the refusal right would "run with the land" and be binding upon Griffin and her successors and assigns; it was to be in force for 20 years, to June 18, 2022. The Agreement stated that if, during that 20-year period, Griffin desired to sell all or any portion of the Property, and she "obtained a duly executed, valid and binding offer in writing from a prospective purchaser other than [Holders] to purchase all or a portion of the [Property]," she was to give written notice of such offer to Holders, and they had the right to purchase the Property subject to the offer at the price and upon the terms set forth in the offer. The refusal right could not be assigned by Holders, except to other parties then comprising Holders, without the express prior written consent of Griffin. The Agreement made no mention of how

---

[1] 1983 Ga. Const. Art. I, Sec. III, Par. I addresses eminent domain and provides:

(a) Except as otherwise provided in this Paragraph, private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid.

(b) When private property is taken or damaged by the state or the counties or municipalities of the state for public road or street purposes, or for public transportation purposes, or for any other public purposes as determined by the General Assembly, just and adequate compensation therefor need not be paid until the same has been finally fixed and determined as provided by law; but such just and adequate compensation shall then be paid in preference to all other obligations except bonded indebtedness.

(c) The General Assembly may by law require the condemnor to make prepayment against adequate compensation as a condition precedent to the exercise of the right of eminent domain and provide for the disbursement of the same to the end that the rights and equities of the property owner, lien holders, and the state and its subdivisions may be protected.

(d) The General Assembly may provide by law for the payment by the condemnor of reasonable expenses, including attorney's fees, incurred by the condemnee in determining just and adequate compensation.

(e) Notwithstanding any other provision of the Constitution, the General Assembly may provide by law for relocation assistance and payments to persons displaced through the exercise of the power of eminent domain or because of public projects or programs; and the powers of taxation may be exercised and public funds expended in furtherance thereof.

[2] The Agreement was recorded with the Clerk of the Superior Court of Gwinnett County on June 21, 2002.

a condemnation of part or all of the Property would or could affect the refusal right.

Almost seven years after the Agreement was executed, on April 22, 2009, Gwinnett County ("County") filed the present petition for condemnation, seeking to condemn a portion of the Property — 244,718.17 square feet of right-of-way, 161,436.32 square feet of permanent construction easement, and 2,166.30 square feet of temporary driveway easement for 48 months from the date of condemnation — in order to replace a bridge.[3] The Agreement appeared of record upon review of the title to the Property; consequently, the County's petition also named Holders as condemnees.

Both the County and Griffin filed motions for summary judgment on the issue of Holders' claims for compensation in the condemnation action on the ground that Holders had no compensable interest in the matter, and, therefore, that movants were entitled to judgment as a matter of law on that issue. Following a hearing on July 28, 2010, the superior court entered the subject order granting summary judgment to the County and to Griffin, concluding that Holders were not entitled to any compensation. In so doing, the court noted that it was undisputed that, as of the date of taking, neither condemnee Griffin, nor anyone on her behalf, had ever presented Holders or anyone acting on their behalf, with any written offer from a prospective purchaser of all or part of the Property as provided under the terms of the Agreement; therefore, Holders were not attempting to enforce any right to purchase all or any part of the Property. The court further found that any damages claimed by Holders were too remote and speculative to be awarded; that the Agreement did not vest Holders with a property interest in the Property; that Holders' contingency contract was not taken by condemnor County; and that the Agreement conferred a future right or interest not being enforced at the time of the condemnation proceedings. The superior court determined that because condition precedents had not been met, the Agreement was "executory and conferred only contingent future rights"; therefore, Holders were not entitled to be compensated for any taking in this case.

Holders contend that the superior court erred in finding that their refusal right did not constitute a compensable property interest in the context of this condemnation proceeding. However, the contention is unavailing.

---

[3] The square footage subject to the permanent condemnation amounts to approximately 5.6 acres of right-of-way and 3.7 acres of easement, leaving approximately 64.7 acres of the Property unencumbered by the condemnation.

Simply being named as a condemnee does not entitle one to compensation in an eminent domain proceeding. Holders acknowledge that in order for them to be entitled to any monetary award for the condemned land, they must establish an interest recognized as compensable. See *Happoldt v. Monroe County*, 248 Ga. App. 175, 176 (546 SE2d 297) (2001). This Court has noted, in the context of condemnation, that the term "property" may be "very comprehensive." *Woodside v. City of Atlanta*, 214 Ga. 75, 83 (3) (103 SE2d 108) (1958). But, this term of art with regard to just and adequate compensation is not without limit. So the question remains as to the status of the refusal right in this case as "property" for the purpose of entitlement to compensation by virtue of the condemnation. In general,

> a contractual right of first refusal is neither a property interest nor a "nonvested" version of the same. Instead, a right of first refusal is a personal and contractual right under Georgia law, and does not run with the land as to which the right is given.

*CS-Lakeview at Gwinnett v. Simon Property Group*, 283 Ga. App. 686, 689 (1) (642 SE2d 393) (2007); see also *Hasty v. Health Svc. Centers*, 258 Ga. 625 (373 SE2d 356) (1988). The fact that the Agreement recites that the refusal right would "run with the land" does not alter its legal status and transform it into something it is not. Indeed, a right of first refusal has been defined as a " 'right to have the first opportunity to purchase real estate when such becomes available, or the right to meet any other offer.' " *Marshall v. Floyd*, 292 Ga. App. 407, 409 (1) (664 SE2d 793) (2008). This is in contrast to a purchase option for real property, which is " 'a contract by which the owner of property agrees with another that the latter shall have the right to buy the owner's property at a fixed price, within a certain time, and on agreed terms and conditions.' " Id. Thus, the holder of an option has the power to compel an unwilling owner to sell the property even when the property is not being offered on the market, while the holder of a right of first refusal has no such power but merely has the right to buy the property when the owner decides to sell it. Id. This significant distinction is instructive on the question of whether Holders obtained a compensable interest in the Property by virtue of their refusal right because "[a]n option to purchase land does not, before acceptance, vest in the holder of the option any interest, legal or equitable, in the land which is the subject of the option." *Martin v. Schindley*, 264 Ga. 142, 143 (442 SE2d 239) (1994); see also *Hasty v. Health Svc. Centers*, supra. Inasmuch as an

option does not confer upon the holder an interest in the property, it stands to reason that the possessor of a right of first refusal would not, just by virtue of holding the refusal right, obtain a legally compensable interest in the property itself.

As the County acknowledges, "a contract is a property right which may be condemned for just and adequate compensation." *Coastal Water and Sewerage Co. v. Effingham County Indus. Development Auth.*, 288 Ga. App. 422, 424 (654 SE2d 236) (2007), citing *DeKalb County v. United Family Life Ins. Co.*, 235 Ga. 417, 419 (219 SE2d 707) (1975). However, in the context of eminent domain, a contract involving the realty at issue is not compensable when the contract confers only a *future* right or interest which is not being enforced at the time of the condemnation proceedings. *Coastal Water and Sewerage Co. v. Effingham County Indus. Development Auth.*, supra at 424. And, at the time of this condemnation, the refusal right under the Agreement was not invoked or sought to be enforced, as it is undisputed that there were no offers to purchase the Property since the time of the Agreement's execution, or indeed, that Griffin desired to sell the Property at any time prior to the condemnation. Certainly, the condemnation did not trigger Holders' refusal right because it is unrelated to any choice by Griffin to market the Property, but rather it is a forced and compulsory sale to the condemning authorities, apparently not contemplated in the Agreement. *Jordan v. Dept. of Transp.*, 178 Ga. App. 133 (1) (342 SE2d 482) (1986).

Holders complain that the condemnation interferes with and greatly restricts their rights in the Property, not only as to the portion actually condemned, but also in regard to the remainder of the tract, i.e., that the taking negatively impacts the value of their refusal right at the time of condemnation. But, again, their refusal right could not be exercised or enforced at the time of the taking and was merely a possibility in the future. What is more, as to the complaint that the value of the refusal right was diminished and not as anticipated by the parties at the time they entered into the Agreement, the parties were free to address the contingency of a total or partial condemnation of the Property in the Agreement, but, as noted, they did not do so.

Simply, there is no basis upon which Holders have shown a present compensable interest in the Property.[4] Accordingly, it was

---

[4] Inasmuch as the issue of just and adequate compensation for Holders as a consequence of the subject condemnation is not viable, it is unnecessary to address the adequacy of any evidence of value for the purpose of damages claimed by Holders.

not error for the superior court to grant judgment on this issue as a matter of law.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 6, 2012.

*Webb, Tanner, Powell, Mertz & Wilson, Anthony O. L. Powell, John D. Gussio,* for appellants.

*Chandler, Britt, Jay & Beck, Luther H. Beck, Jr., Carothers & Mitchell, Richard A. Carothers, Ernest R. Bennett, Jr., Angela C. Nguyen, Mahaffey, Pickens & Tucker, Richard L. Tucker, Jr., James R. Thompson,* for appellees.