28046. NORRIS v. CADY et al.

ARGUED JULY 9, 1973 — DECIDED SEPTEMBER 6, 1973.

*Nicholson, Fleming & Blanchard, John Fleming,* for appellant.
*Fulcher, Hagler, Harper & Reed, J. Walker Harper,* for appellees.

GRICE, Presiding Justice. The issue here is whether the evidence authorized a finding that the appellant had assumed and promised to pay the security deed indebtedness involved here.

This issue became litigable when the appellees, Nellie Cornelia Cady and five other minors by next friend Shirley Cady, filed their complaint in the Superior Court of Richmond County against T. E. Norris and National Life Insurance Company.

The complaint, insofar as necessary to state here, alleged as follows: that the appellees are minor children of Eurus Cady, deceased, and Shirley Cady; that in consideration of Norris' taking over the business formerly operated as a partnership by him and Eurus Cady, and for other valuable consideration, the appellant Norris caused John H. Brantley to convey to him and appellees by warranty deed dated January 24, 1960, certain described real estate; that Norris assumed and agreed to pay the outstanding indebtedness covering this property on a security deed from Brantley to Blanchard & Calhoun Realty Company, which was later assigned to National Life Insurance Company, to National Life Insurance Company; that Norris made payments thereon until September, 1969, when he discontinued making them; that thereupon National had declared the entire balance due and was proceeding to advertise for foreclosure sale; and that appellees were without an adequate remedy at law.

The prayers of the complaint were in substance that National be temporarily restrained from foreclosing; that Norris be compelled to specifically perform the purported agreement with National for the benefit of appellees as third party beneficiaries by paying off the entire indebtedness which Norris assumed to pay; and for general relief.

To this complaint both National and Norris filed answers. National alleged that appellees and Norris were in default of the monthly installments and had commenced foreclosure pro-ceedings. Norris denied any indebtedness to appellees.

Upon the hearing for temporary injunction the trial court enjoined National from foreclosure; and ordered Norris to pay to

National sufficient sums to satisfy the past due indebtedness and advertising expenses. Those orders were appealed but they were affirmed. For a more comprehensive statement of events to this point, see *National Life Ins. Co. v. Cady,* 227 Ga. 475 (181 SE2d 382). However, the issues in that appeal are not involved in this one.

The case came on for trial before a jury with testimony and documentary evidence, and upon conclusion a verdict was directed in favor of National; and a verdict was rendered by the jury in favor of the appellees against Norris.

Thereafter, the trial court, pursuant to the verdict, issued a final decree directing the appellant Norris to specifically perform the obligations under the terms of the security deed.

Subsequently, the appellants filed a motion for new trial upon the general grounds. This was denied.

The appeal and enumerations of error both complain of the verdict and decree as aforesaid, and also the denial of the motion for new trial.

Thus there is but one question before this court upon appeal, whether the verdict in favor of the appellees is supported by any evidence.

We conclude that it is.

The evidence, while conflicting, amply authorized the jury to find that Norris agreed to pay to National the security deed loan previously incurred by Brantley.

The assumption agreement and the warranty deed from Brantley to the six minors and Norris make that clear. These, duly recorded, refer to each other. There was also oral testimony sufficient for this conclusion.

This agreement was shown by the evidence to be for consideration. The warranty deed referred to above vested in Norris a one-seventh undivided interest in the real property involved so as to be a valuable consideration. Also, the testimony of Norris was sufficient to manifest a good consideration in view of the support and care provided him by the father of the six minors. See Code § 20-303.

Furthermore, the minors did not lack standing as parties to sue upon this contract. They were third party beneficiaries. See Ga. L. 1949, p. 455 (Code Ann. § 3-108).

*Judgment affirmed. All the Justices concur.*