S96A1553. SCHEINFELD et al. v. MURRAY et al.
(481 SE2d 194)

BENHAM, Chief Justice.

Appellant Mark Scheinfeld, a real estate developer, appeals from the trial court's grant of summary judgment to appellees June W. Murray and her daughter in Scheinfeld's suit which sought specific performance of a contract for the sale of real estate. We affirm.

In March 1994, the parties executed a document entitled "Land Purchase and Sales Agreement," whereby Mrs. Murray and her daughter agreed to sell to Scheinfeld and his associates a 32.6-acre tract of land in northwest Cobb County, "less and except for a 25,000 square foot lot, inclusive of Seller's current residence, said exact lot location to be determined by Purchaser." An "approximation of the Purchaser's designation of lots" was attached to the agreement under the designation of a "preliminary proposal." The contract also provided that any modification of the agreement was not effective unless made in writing and executed by the parties.

In April 1994, Mrs. Murray executed a written amendment to the sales contract in order to provide a zoning contingency. In September 1994, Mrs. Murray executed another written amendment to the sales contract in order to extend the date for closing an additional ten days. Later, she was telephonically informed by Scheinfeld that the lot configuration had been redesigned. In early October, Mrs Murray decided not to sell her property to Scheinfeld when she saw his revised lot configuration which had her home facing a street sideways and requiring a driveway which bisected the "front" yard in order to reach the garage. Shortly thereafter, appellant filed suit seeking, among other things, specific performance of the contract for the sale of real estate. The trial court granted summary judgment to

appellees on the ground that the "contract" sought to be performed was void for want of sufficient description in that the boundaries and location of the 25,000 square foot lot to be retained by Mrs. Murray were not clear. The trial court reasoned that there was no contractual provision as to how or in what shape the retained lot was to be set aside.

1. Appellant takes issue with the trial court's determination that the writing sought to be enforced did not contain a sufficient description of the location of the lot to be retained by Mrs. Murray and its boundaries.

"A court of equity will not decree the specific performance of a contract for the sale of land unless there is a definite and specific statement of the terms of the contract." *Williams v. Manchester Bldg. Supply Co.*, 213 Ga. 99 (1) (97 SE2d 129) (1957). "The contract must identify the land to be sold with reasonable definiteness . . . [by describing] the particular tract or furnish[ing] a key by which it may be located with the aid of extrinsic evidence." Pindar, Ga. Real Est. Law, p. 26, § 18-11 (4th ed.). Because a decree for specific performance operates as a deed (OCGA § 9-11-70), the description in the decree should be as definite as that required for a deed. *Plantation Land Co. v. Bradshaw*, 232 Ga. 435, 438 (207 SE2d 49) (1974). Where land is so vaguely described that the writing provides no key to its identification, specific performance will not be decreed. See *Beckworth v. Beckworth*, 255 Ga. 241 (4) (336 SE2d 782) (1985).

Appellant maintains that the preliminary designation of lots which placed Mrs. Murray's home on a hexagonal lot facing a cul de sac and which was referenced in and attached to the sales contract provided a key for designating the parcel to be retained by Mrs. Murray, and thereby provided a key by which the property to be sold could be sufficiently described. However, it is undisputed that the preliminary designation of lots did not accurately reflect the actual site on which Mrs. Murray's home was located. In light of the inaccuracy of the preliminary designation, it cannot be said that the preliminary designation was "clear on its face as to [the] size, shape, and location" of the lot to be retained by Mrs. Murray. See *Kauka Farms v. Scott*, 256 Ga. 642, 645 (352 SE2d 373) (1987). Therefore, the preliminary designation does not "lead to the establishment and the location of boundaries as of the time of the execution of the conveyance." *Laurens County Bd. of Ed. v. Stanley*, 187 Ga. 389, 390 (200 SE 294) (1938). The trial court did not err when it determined that the agreement for the sale of real estate was void for want of a sufficient description.

2. Appellant next asserts that the trial court erroneously concluded that the parties did not enter into a subsequent contract. Appellant points to various documents which he contends comprise a

subsequent contract entered into by the parties when Mrs. Murray signed documentation extending the closing date set in the March 1994 sales agreement. The documents appellant alleges make up the subsequent contract consist of: a letter from appellant to Mrs. Murray which accompanied a proposed contract modification concerning an application for rezoning of the property (which Mrs. Murray signed); an appraisal report; an application for rezoning and the county commissioners' decision thereon; and Mrs. Murray's affidavit in which she stated that appellant informed her that the lot configuration would have to be redrawn, that she requested that he give her the best lot he could under the circumstances and she would determine whether it was acceptable, and in which she admitted that she had signed an amendment to the sales contract in September 1994 in order to extend the date for closing. In essence, appellant seeks a declaration that the 1994 agreement was modified by subsequent documentation which more accurately depicted the location of Mrs. Murray's home and the 25,000 square foot parcel she was to retain. However, the 1994 agreement contained a provision requiring that any modification be in writing and signed by the parties. The record does not contain a document establishing the boundaries of the property to be sold signed by appellant and Mrs. Murray and her daughter. Thus, the 1994 agreement was not modified pursuant to contractual requirements.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 21, 1997 —
RECONSIDERATION DENIED MARCH 13, 1997.

*Mike D. Harrison, Bernard Knight,* for appellants.
*Kirwan, Parks, Chesin & Remar, Larry H. Chesin,* for appellees.