A97A2278. FEDERAL NATIONAL MORTGAGE ASSOCIATION et al. v. DeMOONIE.
(497 SE2d 677)

MCMURRAY, Presiding Judge.

Plaintiff DeMoonie filed a petition in equity seeking a temporary restraining order and permanent injunction to stop the foreclosure of plaintiff's property by defendant Federal National Mortgage Association and defendant Suntrust Mortgage, Inc. In her initial petition, plaintiff alleged that she had mortgaged certain real property in Houston County with defendants, that a residential house on this property was severely damaged by fire and made unlivable, that after the fire plaintiff had demanded payment for the damage on her homeowner's insurance policy with Grange Mutual Insurance Company ("Grange"), that Grange had refused to pay, that plaintiff had filed suit against Grange, that the condition of the house on the property has rendered the property practically worthless, that if defendants are allowed to foreclose, sell the property, and seek a deficiency, the amount of said deficiency balance would be much greater than if the property were not damaged by fire, that defendants have given plaintiff no assurance that they will proceed against Grange to collect on the homeowner's policy on the subject property, and that there is no remedy at law to protect the plaintiff's interest in the subject property, and in her claim against Grange. Plaintiff's petition was filed March 30, 1995, and an order granting a "temporary restraining order" was entered on April 3, 1995.

By amendment to her complaint, plaintiff added claims for monetary damages including her court costs in filing this action, an amount equal to the payoff of the mortgage, an award to compensate her for emotional distress, and an award of punitive damages. Plain-

tiff also expanded on her factual allegations to maintain that under the terms of the homeowner's insurance policy issued by Grange, the defendants could have sought payment of the mortgage on the property regardless of the cause of the fire, but that defendants did not utilize this opportunity to protect the plaintiff and receive funds equal to the mortgage on the property, and instead filed a foreclosure action.

On January 8, 1997, defendants filed a motion seeking an order requiring plaintiff to tender funds in an amount representing the principal, interest, late charges and other fees and charges in connection with the mortgage into the registry of the trial court, or in the alternative the dissolution of the restraining order prohibiting the foreclosure on plaintiff's property. In support of their motion, defendants noted that with the passage of time plaintiff has become more and more delinquent on the loan upon which they are unable to act, that such is to their detriment, and that plaintiff was not entitled to any relief against foreclosure in the absence of any tender of the full amount of the secured indebtedness.

Defendants' motion requiring tender or alternately dissolution of the restraining order was denied by the trial court via an order entered April 8, 1997. The trial court's order notes that the previously entered "injunction" is based on the decision in *Norris v. Cady*, 231 Ga. 19 (200 SE2d 102) and that plaintiff was successful on the related claim against Grange and would soon know the result of the appeal of that judgment to this Court.

Defendants appealed to the Supreme Court of Georgia which transferred the appeal to this Court. The Supreme Court transfer order notes the then pending appeal of plaintiff's judgment against Grange as well as the statement in the appealed order of the trial court that the decision in that appeal "will most likely resolve the conflict in the instant action." In this context, the Supreme Court directs that the case sub judice be transferred to this Court to be considered in the light of the decision of the above cited case. *Held*:

Apparently, the trial court's refusal to grant defendants' motion was predicated upon an analysis based upon the decision in *Norris v. Cady*, 231 Ga. 19, supra, and which involved some conclusion that plaintiff's judgment against Grange for the insurance proceeds would provide funds to satisfy the debt and serve in the place of the tender usually required to support an injunction to stop a foreclosure sale. Defendant argues on appeal that the trial court's conclusion is flawed. Since the transfer of the case sub judice to this Court, plaintiff's judgment against Grange has been reversed by this Court. *Grange Mut. Cas. Co. v. DeMoonie*, 227 Ga. App. 812 (490 SE2d 451). Had plaintiff's judgment against Grange been upheld on appeal, this appeal would present certain viable questions of law concerning

application of the decision in *Norris v. Cady*, 231 Ga. 19, supra, or concerning construction of the terms of the contract (i.e., the security deed) between plaintiff and defendants. Instead, the factual foundation of the trial court's denial of defendants' motion is removed and the sole enumeration of error submitted by defendants has become an abstract question which has no answer under the presently existing facts. The issues raised in the present appeal have been rendered moot by the decision in *Grange Mut. Cas. Co. v. DeMoonie*, 227 Ga. App. 812, supra.

Under the Appellate Practice Act, the dismissal of an appeal is mandatory where the questions presented have become moot. OCGA § 5-6-48; *Bergmann v. McCullough*, 218 Ga. App. 353, 356 (5) (461 SE2d 544). See also *Gober v. Colonial Pipeline Co.*, 228 Ga. 668, 670 (1) (187 SE2d 275).

*Appeal dismissed. Beasley and Smith, JJ., concur.*

DECIDED MARCH 12, 1998.

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark, Peter L. Lublin, Scott H. Michalove*, for appellants.
*Walter G. Sammons, Jr.*, for appellee.