A99A1426, A99A1427. T. J. BROOKLYNE, INC. v. SULLIVAN 75, L.P.; and vice versa.
(521 SE2d 644)

ELDRIDGE, Judge.

These appeals arose out of a dispossessory action filed on March 12, 1998, by Sullivan 75, L.P. ("Sullivan"), against T. J. Brooklyne, Inc. ("Brooklyne"). In such action, Sullivan sought to have Brooklyne removed from the property because Brooklyne had failed to pay its rent timely and because Brooklyne was holding over beyond the term. On April 3, 1998, Brooklyne filed its response to the dispossessory action, which included a counterclaim for abusive litigation.

Brooklyne paid the March rent into the registry of the court. Brooklyne also made a payment into the registry of the court of the amount which it believed to be due for April rent. On April 14, 1998, the attorneys for Sullivan and Brooklyne entered into a consent order requiring the payment of an additional $175.15 by either cash, cashier's check, or certified funds into the registry of the court on or before 5:00 p.m. on April 17, 1998. The consent order further required the payment of future rent owed by Brooklyne to be paid into the registry of the court and for all payments made by Brooklyne to be paid instanter to Sullivan by the clerk.

Brooklyne failed to make the payment of $175.15 into the registry of the court by 5:00 p.m. on April 17, 1998. Therefore on April 20, 1998, Sullivan applied for immediate possession. On such date, an order was entered granting immediate possession to Sullivan.

On April 29, 1998, Brooklyne filed a motion to set aside the consent order entered into between the parties on April 14, 1998. No motion to set aside the order granting immediate possession of the premises was filed. On May 15, 1998, Brooklyne filed an application for stay of execution in which it sought to stay the enforcement of the writ of possession. On May 20, 1998, the parties entered into a consent order in which they agreed to a stay of the execution of the order granting immediate possession to Sullivan until Brooklyne's motion to set aside could be heard by the trial court. On June 22, 1998, the trial court held a hearing on Brooklyne's motion to set aside. On June 25, 1998, the trial court entered an order which denied Brooklyne's motion to set aside the April 14, 1998 consent order; vacated the consent order entered on May 20, 1998, which stayed the execution of

the writ of possession; and granted Sullivan immediate possession of the property. Brooklyne timely appealed from the entry of this order.

### Case No. A99A1426

1. Brooklyne contends that the trial court erred when it denied its motion to set aside and lifted the stay of execution. Brooklyne argues that "the trial court has plenary power to set aside, modify or alter an order during the term it was granted."

In the motion to set aside the April 14, 1998 consent order, Brooklyne contended that Sullivan misrepresented the amount that Brooklyne owed under the lease; that the $175.15 it had agreed to pay was not the correct amount due; that Brooklyne paid $175.15 directly to Sullivan; and that such amount was returned to Brooklyne with the notation that such charges were for "late charges, common area maintenance ("CAM") expenses recovery and janitorial." Brooklyne also contended that any net adjustments under the lease were not due until April 20, 1998, the date of the next statement.

Cobb County's terms of court begin on the second Monday of January, March, May, July, September, and November. OCGA § 15-6-3 (11). Thus, Brooklyne's April 29, 1998 motion to set aside was filed within the same term of court as the April 14, 1998 consent order it sought to set aside.

> It has always been the rule in this State that where a judgment is not based on the verdict of a jury, but is the act of the judge, it is in the breast of the court during the term in which it is rendered, and in the exercise of a sound discretion, the judge may set it aside. Thus, whatever limitations may exist in OCGA § 9-11-60 (d) for post-term motions to set aside, a trial judge has the power during the same term of court at which a judgment is rendered to reverse, correct, revoke, modify or vacate the judgment in the exercise of his discretion.

(Citations and punctuation omitted.) *Piggly Wiggly Southern v. McCook*, 216 Ga. App. 335, 337 (454 SE2d 203) (1995). "[I]n the absence of a clear abuse of discretion, this [C]ourt will not reverse a trial court's refusal to set aside a judgment. [Cit.]" *Powell v. Darby Bank &c. Co.*, 163 Ga. App. 524, 525 (2) (295 SE2d 222) (1982).

The evidence before the trial court on the motion to set aside showed the following:[1] There was a prior dispossessory action

---

[1] A transcript of the hearing on the motion to set aside is not part of the record on appeal. Thus, our review is limited to the evidence which is part of the record on appeal.

between the parties in 1997. In such prior action, the trial court ordered Brooklyne to make all of its rent payments into the registry of the court. Brooklyne failed to make all of such rent payments in a timely manner. By letter dated March 11, 1998, Sullivan notified Brooklyne that it was terminating its lease for failure to pay past rent into the registry of the court and failure to provide Sullivan with a copy of Brooklyne's certificate of insurance and HVAC maintenance agreement, as required under the lease. Subsequent to the March 11, 1998 letter, the trial court granted judgment in favor of Brooklyne in the prior action.

On April 14, 1998, when this case initially came before the trial court for a hearing, the only issue for the trial court's decision was the amount of rent to be paid into the registry of the court pursuant to OCGA § 44-7-54, since Brooklyne had filed a jury demand. At the time of the hearing, Brooklyne had paid $1,904.62, the amount due for March rent, into the registry of the court and had made another payment of $1,904.62 in early April for April rent. However, according to the terms of the lease between the parties, there was an increase in the rent due for April. Therefore, at the time of the hearing, the only rent past due was the increase in April's rent and reconciliation of CAM expenses, taxes, and insurance.

Under the terms of the lease between Brooklyne and Sullivan, Sullivan, on an annual basis, would reconcile the monthly charges paid by Brooklyne for CAM expenses with the actual charges incurred by Sullivan. Brooklyne was sent an invoice reflecting its actual pro rata share for CAM expenses and the amount it had paid. If Brooklyne had paid in excess of its actual CAM expenses, it received a credit. If it had paid less, it was required to pay the additional amount due within the time set forth under the lease. In addition, the lease required Brooklyne to pay a pro rata share of any increases in taxes and insurance. In March 1998, Brooklyne received invoices dated March 12, 1998, and March 16, 1998, showing the amount due under the lease after Sullivan's reconciliation for CAM expenses, taxes, and insurance. The invoice indicated that the net adjustment would be reflected on Brooklyne's next statement, which was sent on April 20, 1998. However, under the terms of the lease, Sullivan was not required to send monthly statements to Brooklyne; Sullivan sent such monthly statements as a reminder to their tenants. The lease required that the sums due as a result of the reconciliation were due 30 days from the date of the invoices. Also, by letter dated April 10, 1998, Sullivan informed Brooklyne that the reconciliation of CAM expenses, insurance, and taxes was due.

After reviewing Sullivan's ledgers, the parties agreed that $175.15 was due for reconciliation of CAM expenses, insurance, and taxes and entered into the April 14, 1998 consent order in which

Brooklyne agreed to pay such sum into the registry of the court by either cash, cashier's check, or certified funds by April 17, 1998, at or before 5:00 p.m. While Sullivan admits there was a mathematical error of $20 and that the actual amount due was $155.15, there was no error in the actual charges shown on the ledgers, which Brooklyne had the opportunity to examine.

Brooklyne did not pay any amount into the registry of the court by April 17, 1998. On April 17, 1998, counsel for Brooklyne called counsel for Sullivan and indicated that he thought there was a mathematical error of $20 and that he was sending a regular check directly to Sullivan. Counsel for Sullivan advised counsel for Brooklyne that this was not acceptable and that he was insisting on compliance with the consent order, which required the funds to be paid by cash, cashier's check, or certified funds into the registry of the court. Despite Sullivan's warnings, Brooklyne mailed a check from its corporate business account for $175.15 directly to Sullivan. On April 20, 1998, after confirming with the clerk that the $175.15 had not been paid into the registry of the court, Sullivan applied for and was granted a writ of possession.

The corporate check which Brooklyne mailed directly to Sullivan was sent to a lockbox maintained by the Brannen/Goddard Company ("Brannen/Goddard"), which manages Sullivan's lease accounts. In the ordinary course of business, the lockbox company made a copy of the check it received from Brooklyne and indicated on the copy of the check the date the check was received. The lockbox company provided a copy of the check and the original envelope to Brannen/Goddard. Brannen/Goddard's records indicated that Brooklyne's corporate check was mailed on April 18, 1998, the day after the funds should have been paid into the registry of the court and was not received by the lockbox company until April 20, 1998. Sullivan returned the $175.15 payment to Brooklyne. Brooklyne did not pay the $175.15 into the registry of the court until June 22, 1998, which was the day of the hearing on its motion to set aside judgment. Even after the untimely payment of the funds into the registry of the court, Brooklyne was still in violation of the April 14, 1998 consent order, as such funds were made by a check from Brooklyne's corporate account and were not made by cash, cashier's check, or certified funds.

Under the evidence before the trial court, there was no abuse of discretion in the trial court's denial of Brooklyne's motion to set aside the April 14, 1998 consent order. Since the April 14, 1998 consent order was not set aside and remained valid, and Brooklyne failed to comply with the term of such order, there was no error in the trial court lifting the stay of execution of the order granting immediate possession of the subject property to Sullivan. See OCGA § 44-7-54

(b); *Baker v. G. T., Ltd.*, 194 Ga. App. 450 (391 SE2d 1) (1990).

2. Sullivan moved to dismiss Brooklyne's appeal on two grounds: (1) the appeal was untimely, and (2) Brooklyne's failure to timely pay the cost bill for appeal in the trial court. The trial court's denial of Sullivan's motion to dismiss the appeal has been appealed by Sullivan in Case No. A99A1427, and this is the proper forum for this Court to address such alleged error. Further, this appeal is from the trial court's order of June 25, 1998, which denied Brooklyne's motion to set aside the April 14, 1998 consent order. No other issues remain for the trial court's determination. Brooklyne's failure to appeal the order of April 20, 1998, which granted immediate possession of the property to Sullivan, in no way precludes this Court from reviewing the trial court's later order denying Brooklyne's motion to set aside. In its motion to set aside, Brooklyne relied upon the inherent power of the trial court to modify or set aside its judgment within the same term of court. "Appeal from this 'discretionary' power of the trial court is direct. [Cit.]" *Harbor Light Marina v. Ellis*, 190 Ga. App. 389 (378 SE2d 746) (1989). Sullivan's motion to dismiss this appeal is without merit and is denied.

### Case No. A99A1427

3. Sullivan alleges the trial court abused its discretion in failing to grant its motion to dismiss Brooklyne's appeal in Case No. A99A1426 for failure of Brooklyne to timely pay the cost of appeal. Having affirmed the trial court's ruling in Division 1, this enumeration of error is moot.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED AUGUST 11, 1999.

*Sidney L. Storesund*, for appellant.
*Harman, Owen, Saunders & Sweeney, Perry A. Phillips*, for appellee.