## A00A0578. CARNES BROTHERS, INC. v. COX.
### (534 SE2d 547)

ELLINGTON, Judge.

Carnes Brothers, Inc. appeals from the trial court's order vacating its dismissal of Darlene Cox's complaint without prejudice for failure to file a pretrial order in this slip and fall premises liability action. Because we find no abuse of discretion, we affirm.

Cox brought this suit against Carnes Brothers on January 5, 1996, by refiling her complaint pursuant to the renewal statute, OCGA § 9-2-61. The previous action was dismissed on September 27, 1995, when Cox failed to timely file her portion of the pretrial order. On September 2, 1997, the trial court notified the parties that pretrial orders were due on September 30, 1997, for cases scheduled to be on the October 13, 20, and 27, 1997 trial calendars. This was the third time the case had appeared on a trial calendar and the third time Cox was directed to file a pretrial order. Twice, Carnes Brothers filed and served a copy of their portion of the pretrial order on Cox. Cox did not file her portion of the pretrial order. On September 30, 1997, the trial court dismissed Cox's complaint without prejudice. The dismissal order was never served upon Cox, however, because the court's staff misaddressed the envelope. Cox's attorney, assuming the case was still on the trial calendar, filed a conflicts letter on October 17, 1997.

On April 23, 1998, Cox's attorney wrote the court a letter, asking that the case be reinstated. Counsel explained that he had only recently learned of the dismissal and that because of a secretarial problem, the court's many previous orders directing Cox to file pretrial orders had been misfiled or lost. Cox's attorney threw himself on the mercy of the court and asked for a lesser penalty, one that would not punish his client for his negligence. The court, in an order dated June 23, 1998, acknowledged that the dismissal order had been returned as undeliverable because it was misaddressed, informed the parties that counsel's letter was treated as a request pursuant to OCGA § 9-11-60 (g) to file a motion to vacate or set aside the dismissal, and gave Cox until July 13, 1998, to file the motion.

Cox timely filed a motion to vacate the dismissal order. The trial court conducted a hearing, and Cox filed a post-hearing brief to which Carnes Brothers filed no response. On August 17, 1998, the trial court entered an order finding that Cox was entitled to receive a copy of the dismissal order pursuant to OCGA § 15-6-21 and was further "entitled to have the order set aside and reinstated so that she would be in the same posture as she would have been after the order of dismissal was entered on September 30, 1997." The court then, exercising its "discretionary power to reconsider the order within the same term of court," granted the motion to vacate the dismissal

order, thereby reinstating the case. Further, the court determined that attorney fees should be imposed against Cox for unnecessarily expanding the proceedings.

OCGA § 9-11-60 (g) provides that clerical mistakes in orders "may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Because the trial court conceded its own failure to comply with the notice requirements of OCGA § 15-6-21 (c), we agree that the trial court properly set aside and then reentered the dismissal order. OCGA § 9-11-60 (g); *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980); *Kendall v. Peach State Machinery*, 215 Ga. App. 633, 634 (2) (451 SE2d 810) (1994). The reentered dismissal order was effective as of August 17, 1998, the date it was actually reentered, and not as of September 30, 1997, as a nunc pro tunc order. See id. at 634, n. 1. Just as this procedure commences a new 30-day period during which a party may appeal the reentered order, it likewise restarts the period during which a party may pursue any remedies it may have in the trial court. Thus, the reentry of the dismissal order placed it once again "within the breast of the court." See *Cambron*, 246 Ga. at 148-149; *Piggly Wiggly Southern v. McCook*, 216 Ga. App. 335, 337 (1) (454 SE2d 203) (1995). The trial court's decision immediately thereafter to vacate the dismissal order[1] was made within the term of court in which the dismissal order was reentered and not outside the term of court as Carnes Brothers argues. Consequently, the criteria of OCGA § 9-11-60 (d) do not apply to the court's decision to vacate the dismissal order. *Piggly Wiggly Southern v. McCook*, 216 Ga. App. at 337. In this case, the trial court had the inherent power during the same term of court in which the order was reentered to reverse, correct, revoke, modify or vacate it in the exercise of its discretion. Id. We will not reverse a trial court's decision to vacate its order of dismissal absent a clear abuse of discretion. See *T. J. Brooklyne, Inc. v. Sullivan 75, L.P.*, 239 Ga. App. 588, 589 (1) (521 SE2d 644) (1999). Here, the trial court dismissed the complaint as a sanction for Cox's failure to comply with its previous directions to file pretrial orders. The trial court's decision to vacate the dismissal and to substitute a less severe sanction, though generous under the circumstances, was within the sound exercise of its discretion. We find no error.

---

[1] The trial court stated: "In the interest of judicial economy, the Court will not go through the futile steps of reinstating the order and setting it aside." In light of the court's specific findings, we interpret this to mean that the trial court found it unnecessary to issue a separate order setting aside and reentering the dismissal prior to filing an order vacating it. The court could, of course, achieve both ends in one order. For the sake of clarity, however, such an order should specifically state that the dismissal order was set aside for lack of proper notice, reentered, and then immediately vacated.

*Judgment affirmed. Ruffin, J., concurs. Andrews, P. J., concurs in the judgment only.*

DECIDED MAY 10, 2000.

*Eason, Kennedy & Associates, Richard B. Eason, Jr., Carolyn J. Kennedy,* for appellant.
*Fred S. Gates,* for appellee.