## A00A1036. GATEWAY FAMILY WORSHIP CENTERS, INC. v. H.O.P.E. FOUNDATION MINISTRIES, INC. et al.
### (535 SE2d 286)

PHIPPS, Judge.

Two questions are presented in this appeal. Is a real estate sales contract unenforceable due to an inadequate property description? Should defense counsel be disqualified on the ground that he is a material witness? The trial court said yes to both questions. Because we answer yes to the first question only, we affirm in part and reverse in part.

Delbert Pulliam, pastor of Gateway Family Worship Centers, Inc., and his wife entered into a contract to sell improved real estate

to Laverne Dixon, pastor of H.O.P.E. Foundation Ministries, Inc. After Dixon refused to close the purchase due to alleged misrepresentations by Pulliam concerning the amount of property to be conveyed, H.O.P.E. sued Gateway. H.O.P.E. demanded that Gateway and Pulliam release a claim to a nonrefundable $4,000 earnest money deposit paid by Dixon. Gateway filed a counterclaim against H.O.P.E., and a third-party claim against Dixon, seeking to recover the earnest money and to obtain reimbursement for the cost of a survey of the property.

H.O.P.E. and Dixon moved for summary judgment, arguing that Gateway has no entitlement to either the earnest money or survey cost because the sales contract is unenforceable as a result of an inadequate description of the property to be sold. Finding merit in this argument, the trial court ruled that H.O.P.E. is entitled to return of the earnest money. But the court determined that the question of liability for the survey cost is not amenable to summary judgment. The court granted a motion by H.O.P.E. and Dixon to disqualify Gateway's attorney on the ground that he is a material witness. Gateway appeals the grant of H.O.P.E. and Dixon's motion to disqualify counsel and the award to them of partial summary judgment.

1. At the outset, Gateway argues that H.O.P.E. lacks standing to bring this suit because Dixon signed the sales contract and amendments thereto in her individual capacity. The court was, however, authorized to find that Dixon entered into the contract for the benefit of H.O.P.E. A third-party beneficiary has standing to sue on a contract made for its benefit.[1] Moreover, Gateway added Dixon as a third-party defendant.

2. Gateway contends that the trial court erred in directing a return of the earnest money, because the property to be sold was adequately described.

To be valid, a description in a deed, contract for the sale of land, or a claim of lien on real estate must identify the land with reasonable definiteness or contain a key by the use of which the description may be applied by extrinsic evidence.[2] The key must open the door to extrinsic evidence which leads unerringly to the land in question.[3]

The trial court found no valid property description in the sales contract or key to the property's identification for the following reasons. The contract identifies the property as 4190 Cedar Ridge Trail located in Land Lot 192 of District 15 of DeKalb County in the City of Stone Mountain. Although the contract does not contain a metes and

---

[1] See OCGA § 9-2-20 (b); *Norris v. Cady*, 231 Ga. 19, 21 (200 SE2d 102) (1973).

[2] See, e.g., *Scheinfeld v. Murray*, 267 Ga. 622, 623 (1) (481 SE2d 194) (1997); *Mull v. Mickey's Lumber &c. Co.*, 218 Ga. App. 343, 345 (2) (461 SE2d 270) (1995).

[3] *Kenerly v. Yancey*, 144 Ga. App. 295, 297 (2) (241 SE2d 28) (1977).

bounds description of the property, make any reference to the acreage of the tract, or incorporate a plat of survey, preprinted language in the contract states that the full legal description "is the same as is recorded by Clerk of the Superior Court of the county in which the property is located and is made a part of this agreement by reference." When the sales contract was executed, the Pulliams' warranty deed to property known as 4190 Cedar Ridge Trail was recorded in DeKalb County and incorporates an exhibit containing a metes and bounds description. But the warranty deed states the tract is located in Land Lots 191 and 192, whereas the sales contract states that the tract is located in Land Lot 192. The trial court found the property description inadequate because of this discrepancy concerning the location of the tract.

We find the property description inadequate for other reasons. It is undisputed that an adequate description of the property cannot be found within the four corners of the contract, because it provides nothing more than an address. The contract arguably makes reference to a deed, which does provide a metes and bounds description. But according to Gateway, the metes and bounds of the property to be conveyed to Dixon, as well as the acreage, were to be determined by a survey to be conducted at Dixon's expense after the contract was executed. Although a contract which contains a valid description of the property may rely on a subsequent survey to determine the exact acreage, a post-contract survey cannot be used to provide the description itself.[4] This is so because "the key relied upon must be sufficient to provide identification by reference to extrinsic evidence *which exists at the time that the contract is entered into by the parties*."[5] Moreover, Pulliam testified that prior to execution of the sales contract, he advised Dixon that 4190 Cedar Ridge Trail consisted of four tax parcels identified in the listing agreement with the broker. The survey, however, shows that one of the tax parcels does not exist and that 4190 Cedar Ridge Trail is comprised of 18.22 acres, contrary to data in the multiple listing indicating that it consists of approximately 25 acres. That is why Dixon refused to close the purchase. She was authorized to do so because the description of the property in the sales contract does not constitute a key which has opened the door to extrinsic evidence leading unerringly to the land intended by the parties to be the subject of the conveyance. Consequently, the trial court did not err in ruling that Dixon is entitled to a return of the earnest money.

3. The trial court denied summary judgment on the question of

---

[4] See *Royal v. Bland Properties*, 175 Ga. App. 250, 251 (1) (333 SE2d 145) (1985).
[5] (Emphasis supplied.) Id.

liability for the survey cost because the survey was to be paid for by whoever ordered it (irrespective of the enforceability of the sales contract), and there is a dispute as to who ordered the survey. Gateway's attorney, Arroyo, was disqualified on the ground that his testimony is material to resolution of this dispute.

The parties agreed that the expense of the survey was to be borne by Dixon if she ordered the survey. The motion to disqualify Arroyo was filed because (1) it is Gateway's position that the survey was ordered by Dixon and prepared at Arroyo's direction, and (2) Dixon denies requesting a survey of the property from Arroyo or any representative of Gateway. But Gateway does not claim that Dixon asked Arroyo to have the survey prepared. Pulliam testified that he and Dixon agreed that the survey would be prepared and that she would pay for it. Arroyo testified that Pulliam told him to have the survey prepared because Dixon had requested one. The dispute as to whether Dixon requested the survey will thus be resolved on the basis of Pulliam's and Dixon's testimony. Arroyo's testimony on the issue is hearsay. The court erred in granting the motion to disqualify.

*Judgment affirmed in part and reversed in part. Johnson, C. J., and Smith, P. J., concur.*

DECIDED MAY 31, 2000.

*William H. Arroyo*, for appellant.
*Matthew D. Crosby*, for appellees.