## A01A0464. KIRKLEY v. JONES.
### (550 SE2d 686)

JOHNSON, Presiding Judge.

William H. Kirkley and Richard S. Jones entered into a loan agreement which provided that if Jones failed to repay the money loaned, he would release all his interest in certain property in Williamson, Georgia, to Kirkley. Five months later, after Jones defaulted on the note, Kirkley filed suit seeking Jones' interest in the property, as well as other monetary damages. Kirkley also filed a notice of lis pendens setting forth a legal description of the lot in Williamson and stating that he was seeking all or a portion of Jones' interest in the property.

Two months after the lis pendens was filed, Jones sold the property to Perry and Tammy Hallmark, who later built their home on the property. Jones executed a warranty deed to the Hallmarks which did not mention Kirkley's possible claim to the lot, and Jones swore there were no "suits, . . . sales contracts . . . or other liens of whatever nature against" Jones or the lot. A security deed was executed by the Hallmarks to United Bank of Griffin to enable them to build their house. United Bank Mortgage Company subsequently paid off the Hallmarks' debt to United Bank of Griffin and took a senior security deed on the lot. It is undisputed that the attorney's title certificate issued in the transaction did not list Kirkley's claim as an encumbrance against the lot and neither the Hallmarks nor the banks had actual notice of Kirkley's claim.

On July 2, 1996, the trial judge signed a consent judgment agreed to by Kirkley and Jones. This judgment awarded Kirkley the lot on which the Hallmarks reside. Before they submitted the order to the trial court, both Kirkley and Jones knew that the Hallmarks had purchased the lot and built their home there. Jones' attorney alleged he did not know that Jones had sold the lot and that if he had known, he would not have entered into the consent judgment.

The Hallmarks learned of the order and moved to intervene based on the fact that they had constructed a house on the lot. United Bank Mortgage Company also moved to intervene based on the fact that it financed the construction of the house. The Hallmarks and the mortgage company alleged that the judgment awarding the lot to Kirkley should be set aside based upon fraud, accident or mistake. Jones also moved to set aside the judgment on the basis of mistake. In a single order, the trial court granted the motions to set

aside and the motions to intervene.

All parties then filed motions for summary judgment. The trial court awarded Kirkley a money judgment against Jones but denied Kirkley's request for specific performance of the contract between Kirkley and Jones, which would have required a transfer of Jones' interest in the lot. The trial court subsequently entered a final judgment granting the interveners' motion to cancel the lis pendens. Kirkley appeals. For reasons which follow, we affirm both the trial court's grant of the motions to intervene and the trial court's judgment awarding a monetary award to Kirkley.

1. Kirkley contends the motions to set aside should not have been granted because (1) Jones was negligent in failing to disclose the sale to his attorney and the Hallmarks, and (2) the Hallmarks and the mortgage company were negligent in failing to discover the lis pendens notice. OCGA § 9-11-60 (d) (2) states that a motion to set aside may be brought to set aside a judgment based on "[f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant." However, in the present case the trial court was empowered to set aside its previous order without complying with the substantive provisions of OCGA § 9-11-60 (d).[1]

It is well established that a judgment right for any reason must be affirmed.[2] In this case, the trial court's September 17, 1996 order was filed within the same term of court as the June 24, 1996 consent order it sought to set aside.[3] The inherent power of a trial court to revise, correct, revoke, modify or vacate its own order during the same term of court is a matter of the exercise of sound discretion.[4] And the exercise of this discretionary power will not be reversed in the absence of manifest abuse of discretion.[5]

During the term of court at which a judgment is rendered, the trial court has the authority to vacate the judgment for irregularity or because it was improvidently or inadvertently entered.[6] Thus, while a judgment cannot be set aside under OCGA § 9-11-60 (d) unless the grounds relied upon are unmixed with negligence or fault of the movant, a trial court in the exercise of its discretion still has the inherent power during the same term of court at which a judg-

---

[1] See *Young Constr. v. Old Hickory House*, 210 Ga. App. 559, 560 (2) (b) (436 SE2d 581) (1993).

[2] Id.

[3] Spalding County's terms of court begin on the first Monday in February, June and October. OCGA § 15-6-3 (19) (C).

[4] See *T. J. Brooklyne, Inc. v. Sullivan 75,* 239 Ga. App. 588, 589 (1) (521 SE2d 644) (1999), overruled on other grounds, *Bell v. Cohran,* 244 Ga. App. 510, 511 (536 SE2d 187) (2000).

[5] *Young Constr.,* supra at 561.

[6] *Allstate Ins. Co. v. Clark,* 186 Ga. App. 58, 59 (2) (366 SE2d 394) (1988), overruled on other grounds, *Stone v. Dawkins,* 192 Ga. App. 126, 127 (384 SE2d 225) (1989).

ment is rendered to reverse, correct, revoke, modify or vacate the judgment.[7] Consequently, the criteria of OCGA § 9-11-60 (d), requiring in part that the movant be free from negligence or fault, do not apply to the court's decision to vacate its earlier order.[8] Kirkley has failed to establish a manifest abuse of discretion by the trial court in setting aside the consent judgment, especially in light of the fact that both Kirkley and Jones knew the Hallmarks had purchased and built their house on the property, but both parties failed to inform the trial court of this fact when presenting the consent order to the trial court.

Additionally, examination of the record in its totality reveals some evidence supporting the trial court's ruling that the order should be set aside under OCGA § 9-11-60 (d) (2). The order shows that the trial court did not base its decision upon any findings of fraud, accident or mistake by the attorneys involved in the action or by the closing attorney, but instead relied upon a mistake that existed because of the trial court's misapprehension that all the parties who had an interest in the land were represented in the action before it.[9] This misapprehension was a mistake that permitted the trial court to set aside its previous order in the interest of promoting justice and allowing all parties with an interest in the property an opportunity to be adequately protected regarding their respective interests. In the absence of a transcript of the hearing and evidence presented in support of the motions to set aside the judgment, we must presume that there is evidence to support the trial court's findings that the order was entered based on a misapprehension of the trial court.[10] We must further presume that the trial court would have made a finding that the movants were negligent and that their negligence contributed to the events leading to the judgment being entered if there was evidence to support such a finding.[11] We will not disturb the trial court's order setting aside its June 24, 1996 order.

2. Kirkley contends the trial court erred in awarding a monetary judgment rather than granting specific performance of the parties' contract. We disagree.

Specific performance is an extraordinary, equitable remedy,

---

[7] Id.

[8] See *Carnes Bros., Inc. v. Cox*, 243 Ga. App. 863, 864 (534 SE2d 547) (2000) (physical precedent only).

[9] The order specifically states:
Based upon the record, briefs and the argument this Court questions whether Judge Whalen was made fully aware of all of the facts concerning the consent order he signed, which this Court notes was prepared by [Kirkley's] attorney. Certainly, the failure of the order to note that the Hallmarks had built a house on the property in question is an error of "fraud, accident or mistake" that authorizes this Court to set aside the June 24, 1996 Order.

[10] *Wright v. Archer*, 210 Ga. App. 607, 608 (1) (436 SE2d 775) (1993).

[11] Id.

which will be granted only if the complainant does not have an adequate remedy at law.[12] It is not a remedy that either party can demand as a matter of absolute right and will not be granted in any given case unless strictly equitable and just.[13] In addition, OCGA § 23-2-135 authorizes a trial court to award damages in lieu of specific performance if, for any cause, the specific performance is impossible.[14]

In the present case, the handwritten contract states as follows: "I Richard S. Jones Borrowed $4,000 from William H. Kirkley to Repay $500.00 month for 10 months. Failure to do so, Release all interest Lot 13, Blanton Mill Rd. Pike Co. Williamson GA. Note — No property will be sold without Mr. Kirkley['s] knowledge." When Jones defaulted on his payments, Kirkley filed the present suit, seeking specific performance of the contract, and filed a notice of lis pendens against the property. The trial court awarded a monetary judgment to Kirkley but refused to grant him specific performance of the contract, finding that specific performance under the circumstances is impossible because Jones sold the lot and cannot convey the property to Kirkley. While we disagree with the trial court's analysis in light of the properly filed lis pendens,[15] we affirm the judgment because the property description in the contract between Kirkley and Jones is not sufficient to permit an award of specific performance. A grant of summary judgment must be affirmed if it is right for any reason.[16]

In the present case, the handwritten contract between Kirkley and Jones did not sufficiently describe or identify the land to be conveyed in the event of a default. Specific performance of a contract for the sale of land will not be granted unless the land is clearly identified.[17] "The contract must identify the land to be [conveyed] with reasonable definiteness by describing the particular tract or furnishing a key by which it may be located with the aid of extrinsic evidence."[18]

Here, the land is so vaguely described that the handwritten contract provides no key to its identification. There is no physical description of "Lot 13" nor any plat describing the lot. We do not know where Blanton Mill Road is located, where Lot 13 is located or the size, shape and boundaries of the lot. In fact, there may be

---

[12] See OCGA § 23-2-130; *Clayton v. Deverell*, 257 Ga. 653, 654 (3) (362 SE2d 364) (1987).

[13] *Wehunt v. Pritchett*, 208 Ga. 441, 444 (67 SE2d 233) (1951).

[14] OCGA § 23-2-135; *Clayton*, supra at 654 (2).

[15] See *Vance v. Lomas Mtg. USA*, 263 Ga. 33, 35 (1) (426 SE2d 873) (1993); *Wilson v. Blake Perry Realty Co.*, 219 Ga. 57, 58 (131 SE2d 555) (1963); *Panfel v. Boyd*, 187 Ga. App. 639, 646 (4) (371 SE2d 222) (1988).

[16] See *Bennett v. Cotton*, 244 Ga. App. 784, 787 (2) (536 SE2d 802) (2000).

[17] *Smith v. Ga. Indus. Realty Co.*, 215 Ga. 431, 432 (2) (111 SE2d 37) (1959).

[18] (Citation and punctuation omitted.) *Scheinfeld v. Murray*, 267 Ga. 622, 623 (1) (481 SE2d 194) (1997).

another Lot 13 somewhere on Blanton Mill Road. We have previously found that an adequate description of property cannot be found within the four corners of a contract that provides nothing more than an address.[19] The contract in the present case does not even provide a specific address. Because the handwritten contract does not sufficiently describe the land to be conveyed in the event of a default, and because Kirkley has an adequate remedy at law in the form of a monetary judgment, the trial court did not err in refusing to grant specific performance in this case.

3. Kirkley contends the trial court erred in cancelling his notice of lis pendens because he is entitled to a lien upon the Hallmark property to secure the money judgment against Jones. However, the notice of lis pendens was viable only with respect to Kirkley's claim to an interest in real property. Upon dismissal of that claim, the notice of lis pendens was properly cancelled.[20]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JUNE 18, 2001 — 

*Don E. Snow*, for appellant.
*C. Arthur Moss, Jr.*, for appellee.

---

[19] *Gateway Family Worship Centers v. H.O.P.E. Foundation Ministries*, 244 Ga. App. 286, 288 (2) (535 SE2d 286) (2000).

[20] See *Evans v. Fulton Nat. Mtg. Corp.*, 168 Ga. App. 600 (309 SE2d 884) (1983).