A07A2477. ANDRUS et al. v. ANDRUS et al.
(659 SE2d 793)

SMITH, Presiding Judge.

William David Andrus and Jane Andrus, as trustee and executrix of the last will and testament of Wheeler Noble Hamilton ("trustees"), appeal from the trial court's order setting aside its previous dismissal of a declaratory judgment action filed against them by William Hamilton Andrus, Catherine Shutters, and Bettye Anderson ("putative heirs"). For the reasons set forth below, we affirm.

The record shows that on February 22, 2001, the putative heirs filed a declaratory judgment action in Walker County Superior Court. The action was brought against the trustees seeking a declaration of the rights of the putative heirs with respect to real property in the Hamilton estate. The trustees moved for summary judgment in their favor, and the trial court held a hearing on September 16, 2003. On November 24, 2003, while the motion was still pending, the trial court held a peremptory calendar call "to dispose by Rule 14 of the Georgia Uniform Superior Court Rules those cases in which no action had been taken for some period of time." The clerk of court testified in a subsequent hearing that the case was placed on the peremptory

---

calendar due to a clerical mistake and that the parties did not receive notice of the peremptory calendar call. On November 24, 2003, the trial court dismissed the case after the peremptory calendar call, but the putative heirs did not receive a copy or notice of this order either.

On December 11, 2003, after converting the putative heirs' opposition to the trustees' motion for summary judgment into a cross-motion for summary judgment,[1] the trial court entered a partial summary judgment order in favor of a putative heir, William Hamilton Andrus, even though it had already dismissed his complaint. On January 12, 2004, the trustees filed a motion for new trial,[2] instead of a notice of appeal, and the trial court denied the motion on June 28, 2004. The trustees did not appeal from that order.

In March 2007, the trustees filed suit against William Hamilton Andrus in Walker County State Court seeking damages for slander of title, back rent, and trespass. The putative heirs then filed a motion in Walker County Superior Court to set aside the order dismissing their declaratory judgment complaint because it was erroneously issued a few weeks before the trial court granted partial summary judgment in favor of putative heir William Hamilton Andrus. After conducting a hearing and receiving evidence, the superior court found that its order dismissing the case on November 24, 2003, resulted from an "obvious clerical mistake." The court granted the putative heirs' motion to set aside and vacate that order pursuant to OCGA § 9-11-60 (g). The court also found its "order of . . . December 11, 2003 . . . to be valid."

In several related enumerations of error, the trustees assert that the trial court erred by setting aside the November 24, 2003 dismissal order. In the alternative, they argue that if the order was properly set aside, the trial court must also vacate and re-enter its December 11, 2003 order granting partial summary judgment in favor of William Hamilton Andrus.

We are guided by our opinion in *Carnes Bros., Inc. v. Cox*, 243 Ga. App. 863 (534 SE2d 547) (2000) (physical precedent only). In *Carnes Bros.*, we found that a trial court's failure to comply with the requirement of OCGA § 15-6-21 (c), that it provide counsel with notice of its orders, provides justification for the trial court to later set aside such

---

[1] In its order, the trial court states that it converted the opposition based upon the "agreement of the parties and the court[']s approval." The record before us does not contain a transcript of this hearing.

[2] In their brief below, the trustees asserted, in part, that the trial court erred by converting the putative heirs' opposition to the trustees' summary judgment motion into an affirmative motion in favor of the putative heirs. While noting in this brief that no transcript of the summary judgment hearing existed, the trustees did not attempt to prepare a transcript from recollection. See OCGA § 5-6-41 (g).

an order under OCGA § 9-11-60 (g).[3] Id. at 864. In this case, the trial court's factual findings show that it failed to comply with OCGA § 15-6-21 (c). As a result, we affirm that portion of its order setting aside and vacating its November 24, 2003 dismissal order.

The trustees argue that if this court affirms the action taken by the trial court with regard to the dismissal order, we must also order the trial court to vacate and re-enter its December 11, 2003 order granting summary judgment in favor of William Hamilton Andrus in order to preserve their appeal rights. We disagree. Although the trustees asked the trial court in the motion hearing about the effect of its December 11, 2003 order on their appeal rights, they never moved the trial court to set aside this judgment under OCGA § 9-11-60. Because there was no motion before the trial court and the trustees have not asserted any grounds to set aside this judgment under OCGA § 9-11-60, we find no merit in this claim.

In so holding, we note that after the December 11, 2003 summary judgment order was entered, the trustees filed a motion for new trial, instead of a notice of appeal, and did not attempt to appeal from the denial of their motion for new trial. The trustees therefore have not been deprived of any appeal rights. They were aware of the summary judgment order and did not seek to overturn it on the grounds that they now assert for the first time on appeal: that the trial court had no jurisdiction to issue it after having already dismissed the case.[4]

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED MARCH 20, 2008.

*Hodges, McEachern & King, Carl H. Hodges, Timothy K. King,* for appellants.
*Browning & Smith, George T. Smith,* for appellees.

---

[3] OCGA § 9-11-60 (g) provides that clerical mistakes in orders "may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

[4] A trial court is not deprived of jurisdiction over a case until a notice of appeal has been filed. *Lowe v. Center Neurology Assoc.*, 288 Ga. App. 166, 168 (1) (653 SE2d 318) (2007).